## MURPHY *v.* CUNNINGHAM.

PRACTICE — *bill of exceptions, when it should be signed.* A bill of exceptions must be signed during the term at which the judgment or opinion excepted to is given, unless a day in vacation is allowed therefor by order of the court.

PRACTICE — *objection waived by joining in error.* But if a defendant join in error, he thereby waives the objection that the bill of exceptions was filed in vacation without an order of court, and all matters appearing in the transcript, which are esteemed in law to form part of the record, will be considered by the court.

NEW TRIAL — *presumption in favor of finding.* Where an issue of fact is submitted to the judge at *nisi prius,* he performs the functions of both court and jury, and the same presumption must be indulged to sustain his finding as would be made in favor of the verdict of a jury.

NEW TRIAL — *sufficiency of evidence to support verdict.* Where the evidence is conflicting, and the question is upon the credibility of the witnesses, a new trial will not be granted.

COSTS ON APPEAL FROM JUSTICE OF THE PEACE — *power to apportion discretionary.* The power conferred by section 16, chapter 19, Revised Statutes, 156, to apportion costs on appeal from justice of the peace, is to be exercised in the discretion of the district court, and error cannot be assigned upon the ruling of the district court in relation thereto.

| 1   | 467  |
| 1   | 474  |
| 2   | 21   |
| 3   | 113  |
| 3   | 375  |
| 4   | 327  |
| 4   | 341  |
| 10  | 272  |
| 11  | 510  |
| 1   | 467  |
| 20  | 174  |
| 1   | 467  |
| 23  | 327  |
| 1   | 467  |
| 12a | 8    |

*Appeal from District Court, Jefferson County.*

THE action was brought before a justice of the peace, and thence appealed to the district court. At the trial in the district court, the plaintiff testified : That in the month of December, 1870, he worked for the defendant five and one-half days in a drift, at taking out coal, and that the same was worth four dollars per day ; that, before commencing said work, he agreed with defendant to take out and deliver, at the mouth of said drift, the coal, and was to have two dollars per ton for what he took out and so delivered ; that he did not know how much coal he did take out, but took out several loads ; that he bought of the defendant two pick-eyes, worth seventy-five cents each, and a piece of steel of about eight pounds weight, and had the use of defendants' mule three days, at one dollar per day, in taking out coal, and had not paid defendant for same or either, and defendant was entitled to credit for same ; that he did not know what the steel was worth ; that he worked for defendant ten and one-half days at quarrying and removing rock, which work was worth per day three and one-half dollars ; that before beginning said rock work, he agreed with defendant to make an excavation in a bank, thirty-three feet in length, three feet in width, and, on an average, about eleven feet high, the same being almost nothing in height where he was to commence digging in the bank, and about twenty feet at the back part of said excavation ; that he agreed to make said excavation for the sum of fifty dollars, to commence work thereon immediately ; no time agreed for the payment therefor ; that he worked at said excavation ten and a half days ; that the charge made in his account on file for ten and a half days' work was for work done at said excavation ; that he commenced and did said work immediately after making said contract, which was in November, A. D. 1870 ; that witness considered that he had completed the said excavation according to contract ; that he measured the said excavation by stepping off lengthwise, and the width thereof by a scraper, which scraper he measured with his hands ; that, while

plaintiff was still engaged at the work on said excavation, the defendant appeared and claimed that it was not yet completed, according to the contract, and desired the plaintiff to do certain things in order to the completion of the same, which the plaintiff refused to do and therefore quit work on said excavation.

Michael Hollorum testified : That he worked upon said excavation for the plaintiff, and helped measure the same by stepping the length thereof, and by measuring the width thereof with a scraper, previously measured with his hands, and the same measured about thirty-three feet in length, and about three feet in width.

The defendant testified : That the plaintiff had agreed to take out what coal he took from drift for two dollars per ton ; that the plaintiff took out in all only two tons of coal and no more ; that plaintiff had the use of defendant's mule in taking out said coal three days, worth one dollar per day for the use of said mule, the plaintiff, by agreement, was to allow the defendant ; that defendant let plaintiff have two pick-eyes, for which, by agreement, the plaintiff was to allow defendant one dollar and fifty cents ; that plaintiff got a piece of steel of defendant worth two and a half or three dollars, for which plaintiff was to allow defendant what the said steel was worth ; that defendant had never at any time employed the plaintiff to work for him by the day, and the plaintiff had never worked by the day for him at any kind of work ; that the work done by plaintiff at quarrying and removing rock, was performed under contract ; that the contract was as made by plaintiff and defendant ; that the plaintiff was to make for the sum of fifty dollars, to be paid when the work was completed, a certain excavation, thirty-three feet long, two and a half feet wide, and, ont he average, eleven feet high ; that the excavation was to be made into a bank, and the way they came to call it eleven feet high, was, that they first measured the bank to ascertain the quantity of dirt and rock to be moved, and the same being about nothing in height when it begun, and about twenty feet high at the back part, they called it

eleven feet high on an average ; that the plaintiff did not complete said work according to contract, and that it had afterward cost defendant thirty-seven and one-half dollars in cash for hired help to finish said excavation, as the plaintiff had agreed to make it ; that the plaintiff did not do more than one-half the work necessary to complete said excavation, and voluntarily abandoned the same without finishing it.

John Armor testified : That plaintiff told him he was to have $50 for making the excavation ; plaintiff also told him that the excavation was to be three feet wide and thirty-three feet long, and that the same would average about eleven feet high ; witness saw the excavation after it had been abandoned by plaintiff, and that fully one-half or more of the work necessary to be done to complete the excavation according to contract, as witness learned from plaintiff, was left undone.

The court gave judgment for the plaintiff and against the defendant for $25 damages, and for costs of suit.

The plaintiff had judgment before the justice of the peace for $42 damages, and for costs, and it was assigned for error in this court that the district court erred in rendering judgment against appellant for all of the costs of the suit. It was also assigned for error that the finding of the district court was against the evidence.

Mr. A. H. DE FRANCE, for appellant.

Mr. GEORGE W. PURKINS, for appellee.

WELLS, J.   By the record which has been certified to us in this case, it appears that the bill of exceptions taken by the plaintiff in error was not filed until the lapse of nearly sixty days after the adjournment of the term at which the judgment complained of was given, and the record fails to show that time was given to present such bill of exceptions.

According to all the authorities, and, indeed, by the letter of the statute, the bill of exceptions must be signed during the term at which the judgment or opinion excepted to is

given, unless a day in vacation is allowed therefor by order of the court. Rev. Stat., ch. 70, § 21.

And, according to some cases, if the record fails to show such order, and that the bill of exceptions was filed within the time limited, it cannot be considered in the appellate court, even though, as it would seem, the objection is not suggested by counsel. *Moffit* v. *Pollard*, 19 Ind. 178; *Cable* v. *Smoyer*, id. 202; *Pick* v. *Vankirk*, 15 id. 159; *Hance* v. *Miller*, 21 Ill. 637.

We think, however, that the verbal agreement of the parties or of counsel may supply the absence of such order of court, and the defendant in error having joined in error and assented to the submission of the cause upon written argument, we will construe this as implying a stipulation that all matters appearing in the transcript and which are esteemed in law to form a part of the record are properly certified to us.

But accepting the bill of exceptions which is set out in the record as properly before us, we are not able to see that any error was committed in the court below.

The only question in issue between the parties was, whether the plaintiff had fully performed the contract for grading and excavation which constituted the principal item of his account, and upon this question, we must presume, unless the contrary clearly appears, that the court below found correctly.

Where an issue of fact is submitted to the determination of the judge at *nisi prius* he performs the functions of both court and jury; he is the exclusive judge of the credibility of witnesses, and in the court of review the same presumption must be indulged to sustain his finding, as would be made in favor of the verdict of a jury, if the issue had been submitted to a jury.

We must, therefore, presume that his honor, who presided below, regarded the witnesses who were sworn on the part of the defendant below (or some of them) as unworthy of credit; and we, who have not heard the witnesses, and can-

not draw conclusions from their manner and bearing in giving testimony, cannot say that he has erred.

The finding of the court below, therefore, cannot be said to be erroneous; and if there is any error apparent in the amount allowed to plaintiff below for his damages, it is not an error of which his adversary can be heard to complain.

Neither can it be assigned for error that the court below omitted to apportion the costs, for this is a matter purely in the discretion of the court.

Let the judgment of the Jefferson district court be affirmed, with costs.

*Affirmed.*