| | |
|---|---|
| 3 | 566 |
| 4 | 145 |
| 4 | 189 |
| 6 | 580 |
| 10 | 509 |
| 3 | 566 |
| 23 | 327 |

## CITY OF CENTRAL *v.* WILCOXEN.

1. Where a defendant would deny the execution of an instrument in writing, upon which action is brought, he must file a verified plea for that purpose. (R. S., p. 506, § 14.) An affidavit of merits has a distinct office, essentially different from that of a verified plea and cannot be substituted therefor.

2. Where evidence is let in not authorized by the pleadings, in a trial to the court, it may be properly disregarded in the rendition of the judgment.

3. Where one receives from a municipal corporation warrants drawn upon its treasurer, presentation to that officer, or the allegation in the declaration of facts which will excuse the presentation, is necessary before an action can be maintained on the warrants.

4. A remittitur must be for a sum *certain*, otherwise it will be disregarded.

5. A motion to strike a bill of exceptions from the files, after joinder in error and the cause has been set down for hearing, cannot be entertained.

*Error to District Court of Gilpin County.*

THIS was an action of assumpsit, brought by Wilcoxen against the City of Central. The declaration consisted of the common counts for work and labor, money had and received, money paid, laid out and expended, and money found due upon an account stated. The defendant filed the general issue and a special plea :

"*Actio non ;* because it says the only cause of action sued on in the said several counts of plaintiff's declaration are the several instruments in writing set out with said declaration, and avers that fourteen of said instruments in writing amounting to $976. 75 purport to be city warrants drawn by Robert Teats as mayor of defendant on city treasurer, and being fraudulently drawn by said Teats, the said Teats and plaintiff and divers other persons acting in collusion with said Teats and said plaintiff, drew and caused to be drawn said false and fraudulent instruments for the purpose of heating and defrauding defendant, and that said pretended warrants were drawn in favor of persons to whom defendant was in no manner indebted, and for pretended accounts and claims against defendant which had never been audited or allowed by the city council of the City of Central, and that defendant was never at any time indebted to the parties in whose favor said pretended warrants were drawn, and that said plaintiff was a party to said fraudulent transaction, and that the residue of said instruments are city warrants of the City of Central, drawn by Thomas Mullen as mayor of said city, and were delivered by order of city council of said city to plaintiff, and accepted by plaintiff in full satisfaction and discharge in payment for services rendered by plaintiff for defendant and accepted by plaintiff in lieu of money, and less than their par value, the said defendant paying said plaintiff the difference between the par value of said warrants and the cash value thereof, and this the said defendant is ready to verify," etc.

The cause was tried at the April term, 1874, of the district court, without the intervention of a jury. The plain-

tiff offered in evidence a number of city warrants purporting to have been issued by the City of Central and directed to its treasurer. Objection was made by the defendant because the execution of the warrants had not been proved. The objection was sustained and the plaintiff required to produce evidence of the execution of the warrants, after which they were again offered in evidence. The defendant again objected to their introduction, "because the execution of the same is not proven, and because they have not been indorsed to the plaintiff, and because those warrants which had been presented for payment were not evidence in support of this action, and were not yet due, because there was no evidence that there was any money in the treasury of defendant that could be legally applied to the payment of the same."

The objection was overruled and the warrants received in evidence. The defendant produced evidence, over the objections of the plaintiff, to support the allegations of its special plea. The court gave judgment for the plaintiff in the sum of $815.60. To reverse this judgment the defendant sued out this writ of error.

Mr. H. M. OROHOOD, for plaintiff in error.

Messrs. SYMES & DECKER, for defendant in error.

THATCHER, C. J. Under the pleadings, whether the claims for which the city warrants in controversy were issued, were allowed by the council of Central City, or whether the mayor and Henry Grannis, whose name is signed thereto as clerk, were, in behalf of the city, authorized to execute the warrants, are not pertinent inquiries. No issue was tendered, that, under the statute, would permit the defendant to deny the authority of the mayor and clerk to execute the warrants in question.

Section 14 of the Practice Act (R. S., p. 506) provides, "No person shall be permitted to deny, on trial, the execution of any instrument in writing, whether sealed or not,

upon which any action may have been brought, or which shall be pleaded or set up by way of defense, or set-off, unless the person so denying the same shall, if defendant, verify his plea by affidavit, and if plaintiff, file his or her affidavit denying the execution of such instrument."

This language is free from ambiguity. In terms it requires a defendant, if he would deny the execution of the instrument, to file a *verified plea* for that purpose. Such a plea would be a demand that the plaintiff should prove, not only the *signatures* of the officers who issued the warrants in behalf of the city, but also that they had authority to issue them. *Delahay* v. *Clement*, 2 Scam. 577; *City of Central* v. *Brown*, 2 Col. 704.

In the absence of a verified plea, such proof is dispensed with. We find that the defendant has verified none of its pleas. The city seems to have lost sight of the marked distinction between an affidavit of merits and a verified plea. An affidavit of merits was filed, and this was treated by counsel on both sides, in the court below and in this court, as a verified plea. The office of an affidavit of merits is clearly defined by statute, and is essentially different from that of a plea. It necessarily precedes the defendant's pleas, and cannot be substituted for them. *Martin* v. *Skehan*, 2 Col. 619.

Even if we were disposed to give the affidavit of merits the effect of a verified plea, it would not avail the defendant, so vague and uncertain is it. The affidavit alleges "that *some* of the said pretended warrants filed with the said declaration are fraudulent and void, and were never executed by the defendant." What particular warrants, or how many are within the ban of the affidavit, is left wholly to conjecture.

In no view of the pleadings was the plaintiff required to prove, or the defendant permitted to deny the due execution of the warrants.

The defendant having, by its failure to interpose the verified statutory plea, precluded itself from controverting the

*prima facie* cause of action by impeaching the warrants on the ground that they were executed without authority, the evidence let in by the court, tending to prove their unauthorized issue, was properly disregarded in the rendition of the judgment. 1 Dillon on Mun. Corp., p. 500, *et seq.*, and cases cited.

City warrants, numbered 372, 387, 388, 419, 421 and 424, were improperly admitted in evidence as they were not yet due. As to these warrants, the action was prematurely brought. They had never been presented for payment, nor are facts alleged in the declaration that would excuse the holder from presenting them. 1 Dillon on Mun. Corp., § 410, and cases cited; 1 Daniel on Negotiable Instruments, § 430.

But the defendant in error files a remittitur for the amount of the unpresented warrants. To this practice we see no objection, if the court had the data before it to determine the residue for which judgment might be entered. But an examination of the record shows that the judgment is based upon the warrants introduced in evidence after rejecting (as the record recites) warrants numbered 424, 426, 427 and 430, for what reason, the bill of exceptions is silent. No warrant numbered 430 was introduced in evidence. We are, therefore, at a loss to know upon what data the judgment is founded, and must disregard the remittitur.

The motion to strike the bill of exceptions from the record having been interposed not only after the joinder in error was filed, but after the cause was set down for hearing, cannot be entertained.

The judgment of the court below is reversed, and the cause remanded for further proceedings according to law.

*Reversed.*

Upon petition for rehearing, the following opinion was rendered.

*Per Curiam :* Even if it were conceded (a point not necessary to decide) that this court must be controlled by

the transcript filed March 16, 1875, when it varies from the transcript filed February 8, 1876, the remittitur filed in this cause is not of a character to entitle it to consideration. *I is not for a sum certain.* It assumes that the judgment rendered is based in part upon warrant No. 424, when, in fact, both transcripts recite that this warrant was rejected. We are unable to determine from an examination of the record in what manner the court below arrived at its finding. The element of uncertainty as to the exact basis upon which the judgment is founded, and *as to the amount proposed to be remitted is so great,* that if we were to allow a remittitur in this case, an unsafe precedent would be established. When a remittitur is filed for no *certain* sum, it will be disregarded.

*Petition denied.*