## LEARNED V. TRITCH ET AL.

As a general rule, whatever objections are raised which go to the is-
sues made by the parties in the cause, are to be made before the
issues are settled and joined.

*Error to County Court of Arapahoe County.*

Messrs. FRANCE and ROGERS, for petitioner.

Messrs. I. E. BARNUM and STALLCUP and LUTHE,
*contra.*

ON petition for rehearing, the following opinion was
rendered by

STONE, J.    Under our former chancery practice, before
the code substituted a different mode of procedure, the
evidence taken by a master, as well as testimony by dep-
osition under *dedimus* or otherwise heard in the cause,
being all reduced to writing, was preserved and certified
up to the appellate court, when a review was had, with-
out the necessity of preserving the same by a bill of ex-
ceptions as in cases at law.    The evidence in this case was,
in accordance with this practice, thus certified to the
court, together with the record proper, by the clerk of the
court below.    The errors assigned involved the evidence
in the case, and this evidence was discussed by counsel on
both sides in the case in their printed arguments, and the
cause thereupon submitted to this court without question
as to the record, or the irregularity in respect to bringing
the testimony into this court.    After the cause had been
thus submitted, and pending its consideration, the case of
*Blachley v. Coles* was decided, wherein we held that the
Code of Civil Procedure having abolished the distinction
between actions at law and in equity, as to practice, there
was the same necessity for bringing up the evidence by
bill of exceptions in equitable as in legal actions.    Some
time after this decision had been filed, we requested coun-

sel in the present case to file additional briefs therein upon a question of the trust which had not been discussed on either side, and counsel for defendants in error in the supplemental brief filed by them referred to the *Blachley-Coles* decision, but as it did not seem to be especially relied upon by counsel, the argument still being made upon the evidence in the case, as in the former briefs, we did not notice the point in our opinion in deciding the case. Upon the petition for rehearing now before us, counsel for defendants in error strenuously insist that under the ruling of this court in the *Blachley-Coles* case, we should not have considered the testimony in this case, since it was not brought up by proper bill of exceptions. This is the only point presented in support of the petition which we deem necessary to pass upon.

While we adhere to the correctness of the rule laid down in the case of *Blachley v. Coles*, we think it cannot avail the defendants in error in this case, for the reason that the objection was not taken advantage of in the proper mode and in apt time, and is therefore to be deemed waived by counsel, who now urge it as a ground for rehearing.

Upon the general rule that whatever objections are raised which go to the issues made by the parties in the cause are to be made before the issues are settled and joined, the objection now urged should have been taken by motion to strike out the objectionable portion from the record before joining in error and submitting the cause.

In the case of the *City of Central v. Wilcoxen*, 3 Col. 570, this court refused to entertain a motion to strike from the record a bill of exceptions after joinder in issue and the cause had been set down for hearing, which is upon the principle that a party is deemed to have waived an objection to a defect in a pleading or record which stands in the character of a pleading after he has voluntarily joined an issue thereon.

This general rule, like others applicable to practice and procedure, may have its exceptions; but the yielding of the rule to such exceptions, as well as the application and enforcement of the rule itself, is to be controlled, as we conceive, by the sound discretion of the court, in view of all the circumstances and features of the case under consideration.

After the defendants have joined in error, and after both sides have argued the cause upon the record as presented, without objection, and have submitted the cause as thus presented and argued to the determination of the court, it would be manifestly unfair, and contrary to the established rules of practice, to allow such defendants the advantage of an objection which would change the entire issue in the case, or leave no issue whatever under the joinder before the court.

For these reasons we think this objection to the record must be held to have been waived by the voluntary act of counsel in the submission of the cause upon the record as presented and argued before the announcement of the ruling in the case cited, and perceiving no reason in the petition for changing the views expressed upon any of the questions discussed and decided in our opinion heretofore rendered in the case, the rehearing will be denied.