## DENVER FIRE-BRICK CO. V. PLATT.

Where, in an action for services as foreman in a brick-yard, defendant counter-claimed for damages caused by unskilfulness of plaintiff, which plaintiff alleged was in work which he was not hired to perform, and only one witness testified in support of the counter-claim, and his testimony was denied by plaintiff, a finding for plaintiff cannot be disturbed.

## *Appeal from Superior Court of Denver.*

ACTION by Samuel Platt against the Denver Fire-Brick Company. Judgment for plaintiff, and defendant appeals.

Messrs. DECKER and YONLEY, for appellant.

Messrs. SULLIVAN and MAY, for appellee.

DE FRANCE, C.   The appellee, Platt, brought this action against the appellant, the Denver Fire-Brick Company, a corporation, to recover a balance of $1,083.33 alleged to be due to him from said company for work and labor done for it by him as foreman in its brick-yard. The defendant alleged by way of counter-claim that it had employed the plaintiff in and about its business as a skilled workman, upon his representations that he was such; that these representations were not true, and that by reason of his fault and unskilfulness it had sustained damages in an amount larger than that sued for by the plaintiff. The plaintiff denied these allegations of the defendant, and a trial was had to the court upon the issues joined, a jury having been waived, and resulted in a finding and judgment for the plaintiff in the sum of $973.50. From this judgment the defendant has appealed to this court. But two errors are assigned: *First.* That the finding of the court is manifestly against the evidence. *Second.* That the judgment of the court is manifestly against the evidence.  The employment and

service alleged in the complaint were admitted, and there was but little, if any, dispute in the testimony as to the other allegations of said complaint. The main contest was over the matter presented by the counter-claim. As to this the evidence was conflicting, but we cannot say that the finding was manifestly against its weight. *Murphy v. Cunningham*, 1 Colo. 467; *Matthews v. Glines*, id. 472; *Barker v. Hawley*, 4 Colo. 316. The loss claimed to have been sustained by the defendant by reason of the plaintiff's fault and unskilfulness was, as alleged in the counter-claim, wholly due to a defect in certain moulds in which retorts were made. It is alleged that the plaintiff superintended the making of said moulds, and that this constituted a part of the work which he had been employed by the defendant to do, as a skilled workman. The plaintiff denied that the making or superintending the making of moulds was mentioned in the contract of employment, or included in the work which he was hired to perform. Upon this point, that is, as to what the contract of employment was in this particular, but one witness testified in support of the counter-claim, and his testimony was denied by that of the plaintiff. The burden was upon the defendant to show this fact, as well as the other facts necessary to be proven, in order to make out the counter-claim. It was the province of the court below, acting in the capacity of a jury, to judge of the credibility of the witnesses. It has found for the plaintiff, and its finding must be allowed to stand. The judgment should be affirmed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.
*Affirmed.*