[No. 3555.]

ROBINSON v. The Denver and Rio Grande Railroad
Company.

1. NEGLIGENCE—BURDEN OF PROOF.
The burden of proving negligence is upon the party alleging it.
2. SAME—PRESUMPTION.
Negligence on part of a railroad company in killing livestock is not to
    be presumed from the mere fact that the stock upon its track was
    killed by a train.
3. INSTRUCTIONS.
The giving of an instruction not based upon the evidence or anything
    in the record is improper; and when the instruction was mislead-
    ing, it constitutes reversible error.
4. JURISDICTION.
This court has jurisdiction, upon writ of error, to review the judgment
    of the court of appeals reversing a judgment of a county court.
5. APPELLATE PRACTICE—WAIVER.
It is too late to raise, upon error to the court of appeals, questions not
    presented in that court, unless they pertain to the court's jurisdic-
    tion of the subject-matter, or the sufficiency of the complaint.
6. BILL OF EXCEPTIONS—WAIVER.
Unless an order to that effect has been made during the term, a bill of
    exceptions may not be signed after adjournment of the term, but a
    party failing to take advantage of such omission in apt time, waives
    the point.
7. APPELLATE PRACTICE—NEW ASSIGNMENT OF ERRORS, WHEN RE-
    QUIRED.
When a review of a judgment of the court of appeals is sought, a new
    assignment of error must be filed, under Rule 41 of this court.

*Error to the Court of Appeals.*

Messrs. PATRICK & ESSEX, for plaintiff in error.

Messrs. WOLCOTT & VAILE, for defendant in error.

PER CURIAM.    The plaintiff in error Robinson sued the
Denver and Rio Grande Railroad Company to recover dam-
ages for the loss of a mule which was run over and killed
by a train of the defendant company.    The action was be-

gun before a justice of the peace, and was afterwards appealed to the county court of El Paso county, where there was a judgment for the plaintiff. It was then appealed by the railroad company to the court of appeals, where the judgment below was reversed. The cause is now brought here upon a writ of error sued out by the plaintiff to review the judgment of the court of appeals.

As there are no written pleadings, we must look to the evidence for the grounds of the action. It appears therefrom that the defendant's liability is predicated upon the alleged negligence of the engineer in not stopping his train before running over the mule, and upon the negligence of the company in fencing its track where the injury occurred in such a way as to constitute the enclosure a trap for enticing animals therein, from which escape is impossible.

Our examination of the record before us shows that the court of appeals reversed the judgment for error of the county court in instructing the jury. The learned writer of the opinion properly said that the action should have been dismissed at the close of the plaintiff's evidence; but added that error could not be predicated upon the refusal of the court to grant the nonsuit asked by the defendant because the latter proceeded to introduce testimony in its own behalf from which the jury might infer negligence upon the part of the engineer which contributed to the injury charged. That part of the testimony from which it is said such inference might be drawn is found in a statement by the engineer in his testimony that the train might have been stopped within five or six hundred feet. As he also testified that on the night in question he could see an object four hundred feet ahead of him, it is said that, had he seen this mule when he ought to have seen it, he might have stopped the train before striking it.

It is conceded that from the testimony before the jury the exact limit within which the train might have been stopped was not fixed or given, but that it was left indefinite. When, therefore, it is considered that the burden of proving negli-

gence is upon the party alleging it, and that it is not to be presumed from the mere fact of killing, it seems to us that the plaintiff's cause was not at all aided by this statement of the engineer, and that it was the duty of the plaintiff to make clear, either by cross-examination of this witness, or by other evidence, what such limit was, and until this was shown, and the further fact that the engineer did not stop ·his train within such limit, the case of the plaintiff, in so far as it rested upon the alleged negligence of the engineer, was not made out; and that there should have been a reversal of the judgment upon the ground of the insufficiency of the evidence.

If, however, this conclusion be not sound, the giving of instruction No. 9 by the lower court, as held by the court of appeals, was error. See *D. & R. G. R. R. Co. v. Robinson,* 6 Colo. App. 432. This instruction assumed to define the duty of a railroad company with respect to the appropriateness of fences with which it voluntarily inclosed the track. The instruction in question, as will be seen from an examination of the foregoing opinion, stated merely a naked legal proposition; and, besides, unless there was testimony in the record that the company built, maintained, or exercised control over, these fences, the instruction was improper and misleading. A careful examination of the evidence in this case satisfies us, as it did the court of appeals, that there was nothing in the record upon which this instruction could be based.

The foregoing sufficiently disposes of all the questions which plaintiff in error is entitled to raise, at this time, and it requires an affirmance of the judgment of the court of appeals. Certain other propositions advanced in this court by the respective counsel demand some further consideration inasmuch as some of them pertain to questions of practice that should be settled.

The one of the defendant in error that this court has not jurisdiction to entertain this appeal has already been resolved against it, and may be summarily dismissed merely by referring to the cases. *Colo. Springs Live Stock Co. v. Godding,*

20 Colo. 71; *Crawford v. Brown*, 21 Colo. 273; *Bank of Akron v. Dole, ante, p.* 94.

There may be no reported decision of this court of the questions presented by plaintiff in error, though the practice has uniformly been contrary to his contention,—and we proceed briefly to consider them. They are of a character which might appropriately have been urged in the court of appeals as reasons for affirming the judgment below. They are to the effect that there was no exception by the defendant to the final judgment of the county court; that no sufficient exceptions were taken or preserved to the instructions and other rulings complained of; that the bill of exceptions was not signed during term time, and no order extending the time was made, or, if made, that it was not preserved as a part of the record; and that the purported bill of exceptions was not properly authenticated. There are some other propositions of like character.

None of these was brought to the attention of the court of appeals, either by way of argument or otherwise. This is conceded, but it is said that the case is brought here for review as if " originally taken there,"—that is, to this court; and that the objections, though made for the first time in this court, are jurisdictional, and may be raised at any time.

The phrase above quoted is from section 15 of the court of appeals act (Session Laws 1891, 121), but it applies to a cause transferred to this court by the court of appeals before, and not after, determination by the latter. It is contrary to good practice, and would be manifestly unfair to the court of appeals for a party in that court to conceal from it, or fail to bring to its attention, such matters as are now urged before us, and which might have necessitated a conclusion by the court of appeals different from that reached by it, had they been presented in apt time; and then permit the negligent party for the first time to urge them in this court. Unless such considerations pertain to the court's jurisdiction as to the subject-matter, or the sufficiency of the complaint, the failure to raise them in the court of appeals operates as

a waiver of them here; and parties thus delinquent should be confined to the propositions maintained by them upon the first review.

Upon full consideration this court has hitherto held that while a bill of exceptions may not be signed after the adjournment of the term, unless during the term an order to that effect has been made and such order is properly preserved, nevertheless a party by his conduct in negligently failing to take advantage in apt time of such omission waives the point: *Ritchey v. The People*, 23 Colo. 314.

Certainly none of the questions raised by the plaintiff in error in this court is of graver importance than this, and the plaintiff in error by not raising them in the court of appeals has lost his right to have them considered here. In addition to this, if a party, in any circumstances, could raise such questions in this court in a case brought up as this one is, it could be done only by a compliance with the rules of this court. Under rule 41, where a review of the judgment of the court of appeals is sought, a new assignment of errors must be filed by the plaintiff in error. While that has been done in this case, they are only four in number, no one of which by any possible rule of construction can be so stretched as to cover the matter which plaintiff in error now urges to secure a reversal of the judgment of the court of appeals. That judgment should be affirmed, and it is so ordered.

*Affirmed.*