[No. 1383.]

DAVIS ET AL. v. DUNLEVY, CLERK OF COUNTY COURT.

1. STATUTORY CONSTRUCTION—PUBLIC OFFICIAL—LOANING MONEY.
Section 2 of the act of April 17, 1889 (Mills' Ann. Stats. sec. 1249), which prohibits the loaning, with or without interest, by any public official, of any money in his possession or keeping, care or control, by virtue of his office, was not intended to prohibit the deposit of money in banks for safekeeping, and a bond given to an officer to secure such deposit is not against public policy.

2. FEES—PAYMENT TO COUNTY TREASURER.

An officer is not responsible to the county for the fees of his office, and
is not required to pay them over to the treasurer until such fees
exceed his salary as fixed by law. Such fees may be deposited in
bank, and a bond given to secure such deposit may be enforced.

3. PRACTICE—CHANGE OF VENUE.

Where a party to an action applied for a change of venue of the cause
to another division of the same court on the ground of prejudice of
the judge before whom it was pending, and an order was made
changing the cause to another division as prayed, the party cannot
afterwards complain of the action of the court in making the change
on the ground that it should have been changed to another county.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN T. BOTTOM and Messrs. MULLAHEY & RICE, for
appellant Davis.

Mr. R. D. THOMPSON, Mr. BEN B. LINDSEY and Mr.
FRED W. PARKS, for appellee.

WILSON, J., delivered the opinion of the court.

Plaintiff Dunlevy, while clerk of the county court of Arap-
ahoe county, was a depositor in the Rocky Mountain Sav-
ings Bank, a corporation doing a general banking business in
the city of Denver. Before commencing to make deposits,
he exacted and received from the bank a bond to secure the
repayment of such deposits as he should make. The bond
ran to him as clerk of the county court, and recited in terms
that it was given for the purpose of securing such deposits
as he might make, and protecting him and the sureties on his
official bond from any loss by reason of making them. De-
fendant Davis was one of the sureties on this bond. After the
bond was given, plaintiff made deposits in the bank at sev-
eral times in varying sums. The bank failed, and at the time
of its failure was indebted to plaintiff on account of deposits
in the sum of about $3,000. To recover this, he instituted
this suit, on the bond given to secure the deposits. Judg-
ment was rendered in his favor, and from this one of the de-
fendants, a surety on the bond, appeals.

The main ground relied upon to secure the reversal of the judgment, is that the bond sued upon was void because it was against public policy. It is claimed that the deposit was a loan to the bank, and as such was expressly prohibited by section two of a legislative act approved April 17, 1889, · prohibiting, among other things, the loaning with or without interest by any public official of any money in his possession or keeping, care or control by virtue of his office. It is urged also that the county treasurer is the custodian of all funds received by any county official in the conduct of his office, and that all such officials, including the clerk of the county court, are required to turn such funds in to him for safe-keeping. We think it clear that the contention of appellant cannot be maintained. The questions raised have been already passed upon by this court, and determined. *Moulton v. McLean*, 5 Colo. App. 455. The opinion in that case substantially covers every question raised here, and the holding of the court was adverse to the position taken by defendant. It was there decided in reference to a county treasurer that, " Technically, all deposits made to banks are loans. The identical money is not to be returned, and the bank becomes the debtor to the amount of the deposit; but it is clear as before stated that it was not the intention of the legislature to prohibit the depositing of money in banks for convenience in safekeeping." It is the using of public money by the officer for his own gain that is intended to be reached. It is the use of money by way of loans." The fact that the official acts involved in that case were those of a county treasurer, does not change the principle of the law nor the character of the deposit. The same is true of every other county official who may by virtue of his office be entitled to receive and does receive, any money. There is no contention that the plaintiff in this case was to receive, or did receive, any interest whatever upon these deposits. On the contrary, all of the evidence was to the effect that none was to be paid, and none was paid. Appellant seeks to sustain himself by assuming that these funds, so deposited, were received on ac-

count of fees of the office ; that by express provision of the statute he was required to pay these in to the county treasurer within thirty days after their receipt, and that the time within which these deposits were made covered more than thirty days. It is not shown, however, that these deposits were of moneys arising from fees. In fact, the source from which they were derived is not shown at all. It may be that they were moneys paid into court in the course of litigation, or in the administration of estates by the proper order of court ; and if so, he was the lawful custodian of them, and there was no obligation upon him whatever to pay them in to the county treasurer. Even, however, if they had arisen from the fees of his office, it certainly cannot be claimed that he had not the right to use every precaution to secure their safekeeping until the time when he was required to pay them to the treasurer. This time might not arrive within thirty days, or even within sixty or ninety days, as it has been held by the supreme court that an officer is not responsible to the county for the fees of his office, and is not required to pay them over until such fees exceed the amount of his salary as fixed by law. *Airy v. People*, 21 Colo. 144. Being like the county treasurer absolutely responsible upon his official bond for the proper payment and disbursement of all moneys properly coming into his hands as clerk, it cannot be said that he was attempting to act as an agent of the county in making these deposits. As was said by the court in *Moulton v. McLean*, *supra*, notwithstanding the bond ran to him as clerk of the county court, " It was purely and simply a personal security, wisely taken for the protection of his sureties and himself," and it would be a most unreasonable requirement to say that a public official shall be absolutely responsible for all moneys coming into his hands, and at the same time, hold to be illegal and void judicious and extraordinary precautions which he may take to secure the safekeeping of money, and to protect himself and his sureties from loss. The various officials of the county are not all provided with the appliances for the safekeeping of money as are banks, which

are generally recognized in the business world as the proper and safest depositories of money. In this case, however, the officer took far greater precautions than the ordinary business man, and we know of no statute nor principle of law under which such precautionary measures could be held to be void.

Before the commencement of trial, defendant Davis filed a petition alleging that the judge then sitting in division IV., in which the cause was pending, was unduly prejudiced in favor of the plaintiff for the reason that prior to his election as district judge, he had been judge of the county court at the same time that plaintiff was its clerk, and prayed "that the venue in this cause may be changed to any other division of the district court of Arapahoe county," which the court might designate. Thereupon, the judge promptly ordered that the cause be transferred to division No. I. of the court. Defendant assigns this for error, claiming that the venue should have been changed to another county. Without stopping to discuss the question as to whether in any event, this action would have been error, it is sufficient to·say that this defendant is estopped from predicating error upon it, because it was precisely such action as he requested and prayed for. The right to a change of place of trial is·a privilege which may be asserted or may be waived by the party entitled to demand it. *Smith v. The People*, 2 Colo. App. 106. If the right existed in this case, the defendant waived it by a failure to assert it. He simply asked that the cause be transferred to another division of the same district court, because he had objection to the judge presiding in the division to which the action had been assigned. This was done, and he cannot complain. The judgment was correct, and it will be affirmed.

*Affirmed.*