Thomson, P. J.
Monahan and Arrison sued Mackey to recover damages for the loss of property destroyed by a fire kindled by Mackey on liis own premises. The plaintiffs had judgment for $1,200, and the defendant appealed.
The complaint alleged that the plaintiffs were possessed of a tract of land on which were several stacks of hay, and that, as they were informed, the defendant intentionally kindled a fire on adjoining land belonging to him, and negligently suffered it to spread, so that it escaped across the line between the two tracts, and burned up the stacks of hay which stood on the land possessed by the plaintiffs. The defendant demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. No disposition of the demurrer appears ever to have been made, and the defendant answered, putting in issue the allegations of the complaint.
The cause was tried in the absence of the defendant and his counsel. On the 14th day of May, the court set the case down for trial on the 16th of May. The defendant knew nothing of the setting of the cause, and his counsel was engaged in a trial in another county. At the trial of this cause there was no proof of the market value - of the hay. The jury returned a verdict for the full amount claimed. In due time the defendant moved for a new trial on the ground, among others, that the verdict was not warranted by the evidence. The motion was denied.
The complaint did not allege ownership of the hay in the plaintiffs. 'Unless they owned the hay, they sustained no damage, and had no cause of action on account of its destruction. An allegation of ownership in them was necessary to *146 the statement of a canse of action, and because of the absence of that allegation, the complaint did not state a cause of action. The plaintiffs’ counsel seems to be of the opinion that, by answering, the defendant waived the objection to the complaint taken by his demurrer. As to several of the statutory grounds of demurrer, failure to take the objection by demurrer or answer, is a waiver, but this is not true where the facts stated in the complaint are insufficient to constitute a cause of action. The objection for want of necessary facts in the complaint may be raised at any time. Civil Code, secs. 50, 54, 55.
But on the hypothesis that the complaint was sufficient, the verdict was not supported by the proof. There was no such evidence of the value of the hay as would enable the jury to find the amount of damage sustained. One witness testified that to a person wishing to buy that kind of property, it was worth 112.00 per ton. The fact to be ascertained was what the hay was worth in the market, less the expense of transportation ; or, if it had a market value at the place on which it stood, what that value was, and not what it might be worth to some particular individual. The testimony to which we have referred was the only evidence of value introduced. It was not sufficient to warrant the verdict, and the motion for a new trial should have been sustained. Plaintiffs’ counsel say that there should have been an exception to the ruling upon the motion, and because there was none, it cannot be considered by us ; but counsel has evidently overlooked section 887 of the code, which, in terms, makes an exception to a decision overruling a motion for a new trial, unnecessary. Objection is also taken to the bill of exceptions, that it is not in proper form, and was not tendered or filed in conformity with the code. This objection appears for the first time in the argument upon the final hearing in this court. It comes too late. Not having been interposed at the proper time it was waived. The judgment is reversed and remanded, with leave to the plaintiffs to amend their complaint.

Reversed.