[No. 3930.]

DAVIS v. DUNLEVY AS CLERK OF THE COUNTY COURT OF ARAPAHOE COUNTY.

1. INDEMNITY BONDS—PUBLIC POLICY.
A bond given to indemnify the clerk of a county court on account of money deposited in a bank is not void as against public policy, nor in violation of section 1249, Mills' Ann. Stats., which prohibits the loaning by any public officer of any money in his possession by virtue of his office.

2. APPELLATE PRACTICE—APPEAL FROM COURT OF APPEALS—NEW QUESTION.
On error to or appeal from the court of appeals, it is too late to raise in the supreme court any questions not raised in the court of appeals, unless they pertain to the court's jurisdiction of the subject-matter or to the sufficiency of the complaint.

*Appeal from the Court of Appeals.*

Mr. JOHN T. BOTTOM, Messrs. MULLAHEY & RICE, for appellant.

Mr. R. D. THOMPSON, Mr. BEN B. LINDSEY and Mr. FRED W. PARKS, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action, begun in the district court of Arapahoe county,

was on a bond given by Davis, the appellant, and others, to Dunlevy, as clerk of the county court of Arapahoe county, for the purpose of securing such deposits as he, in his capacity as clerk, might make in the Rocky Mountain Savings Bank, and to protect and indemnify him and his official sureties from any loss resulting therefrom. There was a judgment for the plaintiff, which was appealed to the court of appeals, and there affirmed, and the case comes here by appeal.

An examination of the record discloses that in the court of appeals the only matters brought to its attention were that the district court made a mistake in not changing the place of trial of the action, and in holding that the bond in question was not void as against public policy, and not in violation of section 1249, Mills' Ann. Stats., prohibiting, among other things, the loaning, with or without interest, by any public official of any money in his possession, or any valuable security received by him, by virtue of his office.

These questions, the only ones discussed by the court of appeals, and rightly so, as they were the only ones argued by counsel, were decided adversely to the contention of appellant there, who is the appellant here, and they are, also, urged upon this review. The reasoning of Mr. Justice Wilson, who wrote the opinion, is satisfactory and conclusive upon both propositions, and renders superfluous additional argument in support of the conclusion reached. *Davis v. Dunlevy*, 11 Colo. App. 344. The appellant raises for the first time in this court some new questions, such as that the bond contained no seal; that it was not properly executed by the Rocky Mountain Savings Bank, one of the sureties; that the answer of the appellant in the district court contained sufficient and good defenses to the cause of action set up in the complaint, which were not put in issue by the replication; that the bond was indefinite and uncertain; that suit upon it was not brought by the real party in interest.

In *Robinson v. D. & R. G. R. R. Co.*, 24 Colo. 98, it was held that it is too late to raise in the supreme court upon error

to, or appeal from, the court of appeals, questions not presented in the latter tribunal when the cause was there pending, unless they pertain to the court's jurisdiction of the subject-matter, or the sufficiency of the complaint. None of the new questions argued are of the character indicated upon which the appellant has a right to be heard, and we therefore decline to consider them.

Without relaxing the rule that governs a review of the judgment of an inferior court, we may safely say here that none of the rulings complained of, even if appellant were permitted to be heard, are of such nature as to work a reversal. In the light of this record, we believe all of them could be upheld. The judgment of the court of appeals is right and should be affirmed, and it is so ordered.

*Affirmed.*