[No. 5227.]
[No. 2847 C. A.]

## The Atchison, Topeka & Santa Fe Railway Company v. Adcock.

1. **Practice in Civil Actions—Railroads—Damages for Killing Stock—Negligence—Conversion—Questions for Jury.**

In an action against a railroad company for damages for killing plaintiff's cattle, there was no evidence of defendant's negligence, but there was evidence tending to show that defendant converted the hides of the animals to its own use. Held, that a motion for nonsuit at the close of plaintiff's testimony was properly overruled; for, independent of the defendant's liability for the killing, as the company had no right to convert any part of the animals to its own use, the case should have been submitted to the jury on the question of conversion.—P. 371.

2. **Railroads—Killing Stock—Negligence—Instructions.**

In an action against a railroad company for damages for killing stock, evidence of the mere fact of killing without any evidence showing negligence does not warrant an instruction that if the jury find that defendant negligently killed the cattle, it was liable; nor the refusal of an instruction that the mere killing of the animals, or finding them dead beside its railroad, does not of itself show negligence sufficient to entitle the plaintiff to recover.—P. 371.

3. **Railroads—Killing Stock—Negligence — Presumptions—Burden of Proof.**

In an action against a railroad company for damages for killing stock, negligence upon the part of the company is not to be presumed from the mere fact that the stock upon its tracks was killed by a train, and the plaintiff cannot recover without showing defendant's negligence.—P. 371.

4. **Practice in Civil Cases—Instructions Not Based on Evidence.**

The giving of instructions not based on the evidence or anything in the record, is improper.—P. 371.

*Error to the County Court of Otero County.*
*Hon. A. B. Wallis, Judge.*

Action by Oliver Adcock against The Atchison, Topeka and Santa Fe Railway Company. From a judgment for plaintiff, defendant brings error.

*Reversed.*

Mr. Charles E. Gast and Mr. J. T. McCorkle, for plaintiff in error.

Mr. F. A. Sabin and Mr. R. S. Beall, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

This action having been brought in the justice court and then taken by appeal to the county court, there were no written pleadings. The proof shows that the plaintiff was the owner of certain cattle, two of which were found dead by the side of the railroad of defendant. From the marks upon the cattle and the ground where they were lying near the track of defendant, it was apparent that they were killed upon the track and thrown some little distance. A number of people saw the cattle after they were killed, but none saw them killed. No person knew how they were killed, except as circumstances seemed to indicate their being killed by a passing train.

The plaintiff testified that he found the hides of the animals, a few days after they were killed, hanging on a section house belonging to the railroad company. He looked at the hides and told the foreman they were his. He and the foreman prepared a claim statement on a blank furnished by the foreman. Plaintiff subsequently received a letter from the company, and then went to the foreman and demanded the hides. The foreman stated that he had shipped them.

Aside from the fact that the cattle were found dead near the railroad and the hides were in the possession of defendant's foreman, the record is silent as to what became of the bodies of the animals.

At the close of the plaintiff's testimony, defendant moved for judgment as of nonsuit. This was overruled, and defendant complains that the court

erred therein. The court properly overruled the motion for a nonsuit, because, independent of the liability of the company for the killing of the animals, it had no right to convert the animals or any portion thereof to its own use, and the case should have been submitted to the jury upon the question of the conversion; but the court instructed the jury: "If you find, from the evidence, that the defendant negligently ran its engine against the cattle, and, by reason of the wounds received thereby they died, the defendant was liable," and refused to instruct the jury that "the mere killing of the animals by the train, or finding them dead beside its railroad, does not of itself show negligence sufficient to entitle the plaintiff to recover." In these two particulars the court erred. The plaintiff could not have recovered for the killing of the animals except by showing the negligence of defendant, and negligence on the part of the railroad company in killing live stock is not to be presumed from the mere fact that the stock upon its tracks was killed by a train.

The giving of instructions not based upon the evidence or anything in the record, is improper.— *Robinson v. D. & R. G. R. R. Co.,* 24 Colo. 98.

There is no evidence in this case of the negligence of defendant in maintaining and operating its trains, or otherwise.

Under the facts as they appear in the record of this case, the matter should have been submitted to the jury on the sole question of the conversion of the animals by the defendant, and, for the error of the court in giving the instruction upon the question of negligence, which it did give, and refusing to give those tendered by the defendant, the judgment must be reversed and the cause remanded. . *Reversed.*

Chief Justice Gabbert and Mr. Justice Goddard concur.