[No. 4873.]

THE DENVER & RIO GRANDE RAILROAD COMPANY
v. COULTER.

1. Railroads—Killing Stock—Common-Law Liability.

In order to recover judgment against a railroad company at common law for killing or injuring stock, the proof must show that the animal was injured or killed by the operation of the company, and that such injury or killing was the result of negligence.—P. 446.

2. Same.

Proof that an animal was found with its back broken near a railroad track at a place where the track was straight for about half a mile in each direction, and that there were no obstructions on the track, although sufficient to warrant a finding that the animal was killed by a train, is insufficient to show negligence, which is essential to a recovery at common law.—P. 446.

Appeal from the County Court of Garfield County.
Hon. A. L. Beardsley, Judge.

Action by A. L. Coulter against The Denver & Rio Grande Railroad Company. From a judgment for plaintiff, defendant appeals.    Reversed.

Messrs. VAILE & WATERMAN and Mr. C. W. DARROW, for appellant.

No appearance for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action commenced in the justice court by the appellee against appellant to recover damages for the alleged killing of a cow. From a judgment rendered by the justice of the peace the defendant appealed to the county court of Garfield county. The plaintiff elected to prosecute the action under the common law, so that none of the statutes concerning the killing of stock by railroads are involved.

Plaintiff was the only witness who testified in the case. He said that a section man told him there was a cow knocked off the track and for him to look at it and see whether it was his or not; that he went and looked at the cow and determined that it belonged to him. The animal was lying close to the side of the railroad track with her back broken, so that it was necessary to kill her. From the place at which the cow was found the track was straight for about half a mile in one direction and more than that in the other. There were no obstructions on the track. Plaintiff did not know at what time of the day the animal was struck. Upon this proof judgment was rendered for the plaintiff. This was wrong. In order to recover judgment against a railroad company at common law for the injuring or killing of stock, the proof must show that the animal was injured or killed by the operation of the company, and that such injury or killing was the result of negligence. Even if it could be said that the circumstances of the case were sufficient to warrant a finding that the animal was killed by the passing of the locomotive or train, there is still no proof of negligence of the company, and in an action for damages founded upon defendant's negligence, the plaintiff should be nonsuited when there is no evidence of

negligence.—*Burlington, etc., R. R. Co. v. Budin*, 6 Colo. App. 275.

The mere fact that an animal was killed by a locomotive of the defendant company is not sufficient to warrant a recovery. The negligence of the company must be made to appear by proof.—*D. & R. G. R. R. Co. v. Robinson*, 6 Colo. App. 432; *D. & R. G. R. R. Co. v. Thompson*, 12 Colo. App. 1; *Robinson v. D. & R. G. R. R. Co.*, 24 Colo. 98; *C. B. & Q. R. R. Co. v. Roberts*, 35 Colo. 498; *A. T. & S. F. R. R. Co. v. Adcock*, 38 Colo. 369.

The judgment, having no evidence to support it, will be reversed.    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.