CASE 77.—ACTION BY FARMERS' BANK OF WICKLIFFE
     AGAINST THE CITY OF WICKLIFFE.—October 8.

## Farmers' Bank of Wickliffe v. City of Wickliffe

Appeal rrom Ballard Circuit Court.

R. J. BUGG, Circuit Judge.

From a judgment dismissing the petition the plaintiff appeals—Affirmed.

Municipal Corporations—Warrants—Demand for Payment—Prere-
     quisite to Suit.—Suit does not lie on warrants drawn on a
     municipal treasurer without allegation and proof of their pre-
     sentation to him with demand for payment, or of facts excusing
     presentation and demand.

J. B. WICKLIFFE for appellant.

REEVES & SHARP for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellee, city of Wickliffe, is a municipal corporation of the fifth class, and the appellant, Farmers' Bank of Wickliffe, is a banking corporation doing business therein. The municipality had become indebted to various parties, to each of whom a city warrant had been issued for the amount due him. All of the warrants, aggregating the sum of $6,892.05, had been purchased by the bank from the respective owners, who had regularly assigned the claims to it. Alleging that its debt was due and unpaid, the bank instituted this action in the Ballard circuit court for a judgment. The city did not in its own name make a defense to the action against it, but the court permitted divers citizens and taxpayers to interpose a general demurrer to the petition. This demurrer was sustained by the court, and, the appellant declining to plead further, the petition was dismissed, from which judgment the bank has appealed.

The following sections of the Kentucky Statutes of 1903 are pertinent to the question as to the sufficiency of the allegations of the petition:

"Sec. 3640. All demands against such city shall be presented to and audited by the city council, in accordance with such regulations as they may, by ordinance, prescribe; and upon the allowance of any such demand, the clerk shall draw a warrant upon the treasurer for the same; which warrant shall be countersigned by the mayor, and shall specify for what

purpose the same is drawn, and out of what fund it is to be paid."

"Sec. 3626. It shall be the duty of the treasurer to receive and safely keep all moneys which shall come into his hands as city treasurer, for all of which he shall give duplicate receipts, one of which shall be filed with the city clerk. He shall pay out said moneys on warrants signed by the clerk and countersigned by the mayor, and not otherwise. He shall make quarterly settlements with the city clerk, and when approved by the council, shall be spread at large upon the record."

Dillon, in his work on Municipal Corporations (3d Ed.) section 501, says: "A creditor of a town is not bound to receive an order on the treasurer, but may sue upon his original cause of action. But if he does receive it, he is charged with the duty of presenting it to the treasurer, upon whom it is drawn, or of alleging facts which excuse presentment, before he can maintain an action upon it. As such an order is, in effect, an order by the debtor on himself, if presented and payment be refused, the town is liable instantly, and without notice of nonpayment." And in support of this text he cites from the opinion in Varner v. Nobleborough, 2 Greenl. (2 Me.) 121, 11 Am. Dec. 48, the following excerpt: "No sound reason can be given why a town should be subjected to the perplexity of costs of an action before the payee of an order will do his duty and request the payment. * * * There is an implied engagement to conform to established usage and present the order for payment." An action cannot be maintained on warrants drawn on a municipal treasurer without allegation and proof of their presentation to him, or of facts which will excuse the presentation. Central v. Wilcoxen, 3 Colo.

566; East Union v. Ryan, 86 Pa. 459. The petition in this case shows that the appellant accepted and held city warrants or orders on the city treasurer for payment, and there is no allegation that it ever presented the warrants to the city treasurer, or demanded payment thereon; nor does it allege any facts which would tend to excuse presentation and demand. For aught that appears to the contrary, there may have been, at the time this action was brought, sufficient money in the treasury to pay all the claims of the appellant.

It follows, from the foregoing authority and on principle, that the petition was bad on demurrer, and therefore the judgment dismissing the petition must be affirmed; and it is so ordered.