No. 9886.

ROSE *v.* THE AGRICULTURAL DITCH AND RESERVOIR CO.

Decided November 8, 1920.

On motion to strike bill of exceptions.

*Motion Denied.*

1. APPEAL AND ERROR—*Bill of Exceptions—Time for Allowance.* Under sec. 1, ch. 6, S. L. 1911 providing for allowance of exceptions, the time for presentation and allowance of the bill may be extended beyond the 60 day limit by consent.

Messrs. MELVILLE, MELVILLE & WALTON, for plaintiff in error.

Messrs. DUBBS & VIDAL, Messrs. GARWOOD & GARWOOD, for defendant in error.

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in error moves to strike the bill of exceptions because not allowed in time. The court below, within sixty days mentioned in S. L. 1911, pp. 9 and 10, § 1, granted time beyond the term for presenting the bill of exceptions for allowance. Further time was afterwards repeatedly granted, the last several times by consent of the attorney for defendant in error.

In *Ransom v. Holland,* 66 Colo. 420, 182 Pac. 885, we held that the court could not, after the expiration of the sixty days limit, grant any further extension. In that case, however, the last extension was granted without the consent of the defendant in error.

The question now presented is whether, with only such consent, the time can be extended. We have no doubt that it can.

The argument against this conclusion is not without force, i. e., that the court has no jurisdiction, after the term, to extend, except by and according to the terms of the statute and that consent cannot confer jurisdiction.

The flaw in this argument may be in the use of the word "jurisdiction." There is much doubt whether the objection in question goes to the jurisdiction. See *Greig v. Clement*, 20 Colo. 167, 173, 37 Pac. 960, but letting that pass, the question is forestalled in this state. *Murphy v. Cunningham*, 1 Colo. 467; *Rhoades v. Drummond*, 3 Colo. 374; *City of Central v. Wilcoxen*, 3 Colo. 566, 570; *Learned v. Tritch*, 6 Colo. 579, 580; *Greig v. Clement*, 20 Colo. 167, 37 Pac. 960; *Ritchey v. People*, 23 Colo. 314, 47 Pac. 272, 384; *Robinson v. D. & R. G. Co.*, 24 Colo. 98, 49 Pac. 37; *Mackey v. Monahan*, 13 Colo. App. 144, 148, 56 Pac. 680; *County Comrs. v. Tulley*, 17 Colo. App. 113, 114, 67 Pac. 346; *Merriner v. Jeppson*, 19 Colo. App. 218, 219, 74 Pac. 341; *Pagosa Springs v. People*, 23 Colo. App. 479, 481, 130 Pac. 618.

Defendant in error urges that the consent must be given within the time in which the court might legally make the order. What difference could that make? If the power depends on consent what difference can it make when the consent be given?

*Murphy v. Cunningham* goes further than is here necessary. In the absence of both order and stipulation it implies both from conduct of defendant in error in this court.

In several of the cases above cited the question turned on an order or consent of *laches* which took place after the time for allowance had passed.

In *Robinson v. D. & R. G.*, 24 Colo. 98, 49 Pac. 37, the court hold that *laches* waives the objection that the order is entered too late. If laches can do that *a fortiori* can consent do so. So of *Central v. Wilcoxen*, 3 Colo. 566, 570; *Learned v. Tritch*, 6 Colo. 579, 580; *Mackey v. Monahan*, 13 Colo. App. 144, 146, 56 Pac. 680; *County Com'rs v. Tulley*,

17 Colo. App. 113, 114, 67 Pac. 346; *Merriner v. Jeppson,* 19 Colo. App. 218, 219, 74 Pac. 341; *Pagosa Springs v. People,* 23 Colo. App. 479, 481, 130 Pac. 618.

We call attention to the case of *Mogote-Northeastern Con. D. Co. v. Gallegos,* decided at the present term.

Motion denied.

MR. JUSTICE TELLER, sitting for MR. JUSTICE SCOTT.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE TELLER concur.