### SWENSON v. GIRARD F. AND M. INS. CO.

1. The statute (Gen. Laws, p. 254) does not contemplate a bill of exceptions in the trial of a case in the district court upon appeal from the county court. Such trials are essentially new trials, and any objections to pleadings, and the like, made in the county court, and necessary to be reviewed, are limited to those which arise upon the record ⌊and files brought up on the appeal.

2. Under the Constitution (Sec. 23, Art. VI) appeals may be taken from the county courts to the district courts, and the manner is pointed out and provided for by statute (Gen. Laws, p. 254).

3. When the party appealing has entered into the appeal bond, and the same is accepted and approved by the county judge, the appeal is taken.

4. No time being fixed by the statute within which the transcript and papers on appeal are to be filed in the district court, it is the implied duty of the county judge or the clerk to make out and transmit such papers immediately upon approval and filing of the appeal bond. The failure to perform this ministerial duty should not affect the appellant.

*Appeal from District Court of Arapahoe County.*

This action was originally commenced in the county court of Arapahoe county by Swenson, for the use of Walker, against the Girard Fire and Marine Insurance Co., the

appellant. In that court the plaintiff obtained a verdict in the sum of $853.28, and judgment was thereafter entered in that amount and costs, in favor of the plaintiff. The defendant prayed an appeal to the district court of Arapahoe county. The bond on appeal was filed in the county court and approved within the time fixed. At the January term, 1878, of the district court, the appellee filed his motion in the district court to dismiss the appeal; the principal grounds of this motion are stated in the opinion. At the same term and two days after the filing of the motion to dismiss, the appellant filed in the district court a transcript of the orders of court made in the cause in the county court, accompanied by certain files purporting to be the original files of the case in the county court, but not attached to the transcript, nor in any way identified as the said original files. On the 1st of March thereafter the appellant filed the affidavit of W. S. Decker, stating that on the 10th of January, 1878, he requested the acting clerk of the county court to send up the papers of the case and a transcript of the proceedings to the district court, and that he supposed it had been done. On the same day the appellee filed the affidavit of the said clerk of the county court, which in terms denies the statement of Mr. Decker, and affirms that since the day of the filing of the said appeal bond, the appellant had done nothing whatever toward perfecting his said appeal.

On the 26th of March following, at the special term of the said district court, the motion of the said appellee was sustained, the appeal dismissed and the cause stricken from the docket.

From the entry of this final order of the district court, the appellant has taken this appeal.

Messrs. SYMES & DECKER, for appellant.

Messrs. CHARLES & DILLON, for appellee.

STONE, J.  This case is brought up on appeal from an order of the district court dismissing an appeal to that court from the county court. The grounds of the motion for dis-

missal in the court below are, that first, no bill of exceptions was filed by the appellant in the county court, and that the district court could not pass upon the appeal without such bill of exceptions; second, that the district court had no jurisdiction of said appeal for the reason that said court has not been sufficiently clothed by law with appellate jurisdiction to enable it to entertain and determine appeals from county courts; third, that appellant did not prosecute such appeal with due diligence. The record not showing otherwise, we must presume that the district court based its judgment on one or more of these grounds.

In an appeal from the county court to the district court is a bill of exceptions necessary?

Appeals from county to district courts are provided for by sections 575, 576, 577 of the General Laws, p. 254. So much of section 576 as is pertinent to this question is as follows: "In all appeals provided for in the foregoing sections the proceedings in the appellate court shall be in all respects *de novo.* Said appellate court shall consider and pass upon all objections to the pleadings and proceedings in said cause which may have been made in the county court, and make such orders and render such judgment or decree as shall be meet and proper — in the same manner as though such cause had been originally begun in said district court — and the defendant, where judgment has been rendered by default, shall have a right to plead any and all defenses which he might have pleaded had the cause been originally brought in the district court. All such causes shall be conducted in the same manner as if originally brought in the district court, etc."

This statute differs somewhat from our former statute relating to appeals from probate courts to district courts in that, *inter alia*, it contains the added words "said appellate court shall consider and pass upon all objections to the pleadings and proceedings in the said cause which may have been made in the county court," and it is insisted by counsel for appellee that to enable the district court to carry

out this provision a bill of exceptions is necessary. We cannot think this was contemplated by the statute. The precise meaning of this language is perhaps somewhat obscure, but taken in connection with the entire section is not, we think, beyond reasonable interpretation.

The prominent feature of such appeals is that the trial in the appellate court shall be *de novo*. To effect this no bill of exceptions can be necessary or contemplated. And while it cannot be supposed that such appellate court is to proceed as a court of review merely, yet the language in question seems fairly to imply that certain questions raised in the county court may be passed upon when necessary by the district court. Treating upon the subject of appeals, Mr. Hilliard, in his work on New Trials, page 701 (second edition), remarks that the term "appeal" is in the several States used in very different senses, and has to a great extent, in statutes and decisions, lost its distinctive meaning, having become the generic term for all forms of rehearing or else nearly or quite synonymous with error or new trial. The obvious intent of our statute is that the proceeding on appeal shall be a new trial upon the issues made in the county court, but that when an objection has been made in the county court to any of the pleadings, as for example by demurrer, the question raised by such objection may be passed upon by the district court on appeal and the issue settled or resettled in the case "as though such cause had been originally begun in the district court." Precisely what is meant by objections to "proceedings," aside from the pleadings in the cause, is more difficult to determine ; but that it cannot be held to refer to objections to evidence and the like incidents of the trial, is evident from the requirements that the trial in the appellate court shall be *de novo*. We may fairly conceive that such "proceedings" might embrace rulings of the county court upon motions antecedent to the trial, involving jurisdictional questions as proper to be considered and determined by the appellate court as questions arising upon the pleadings. In this view

we cannot admit that the statute requires or contemplates a bill of exceptions in the trial of a case in the district court upon appeals from the county court. Such trials are essentially new trials, and any objections to pleadings and the like, made in the county court, and necessary to be reviewed, we think are limited to those which arise upon the record and files brought up on the appeal.

Under this view where the files in the cause do not show the objections taken to the pleadings and proceedings prior to the trial, they should be shown by the certified record entries, if the appellant desire to have them considered by the district court; and to this end he might properly by *præcipe* indicate what of the record entries he wishes to have certified.

Upon the point made that the district court is without jurisdiction to entertain appeals from the county court, it is urged by counsel for appellee that the act authorizing such appeals is inoperative and void for the reason that the county and district courts being courts of concurrent jurisdiction, an appeal will not lie from one to the other. Whatever weight this objection might have, if aimed at an act of the legislature alone, it certainly cannot avail against the provisions of the State Constitution expressly conferring such right.

Section 11 of article 6 of the Constitution provides that the district courts shall have " such appellate jurisdiction as may be conferred by law ; " and section 23 of the article declares that "appeals may be taken from county to district courts, or to the supreme court in such cases and in such manner as may be prescribed by law." We accept as sound law the authority cited by counsel that " the Constitution cannot in respect of appeals execute its own provisions independent of legislative enactment," but, there being a full grant of authority in the Constitution, it only remains to examine whether the legislative assembly has "prescribed by law " a sufficient mode of carrying out the constitutional provisions.

By reference to the sections of the General Laws referred to above, sections 575, 576, 577 (General Laws, page 254), it will be found that the mode and manner of taking appeals "from all final judgments or decrees of said county courts to the district court of the same county," is pointed out and provided for. And while in some respects these provisions might well have been made more specific, and clearer in the language employed, yet upon the whole the statute seems to be as full and explicit as the law of 1872 in providing for like appeals from the probate to the district courts, and we can see no such defect in the statute or difficulty in its construction as will warrant us in holding it insufficient to carry out the provisions of the Constitution authorizing such appeals.

The point made that the appellant had not used diligence in prosecuting the appeal to the district court seems not to be sustained by the record and is insufficient to warrant the dismissal of the appeal. While it is true that in the interest of clients, as well as in the furtherance of the dispatch of business by the courts, it is to be expected that attorneys will be prompt and assiduous in seeing that causes are not delayed through their own neglect, and that in the matter of appeals they take prompt steps and give timely directions to the officers of the courts in the matter of perfecting the appeal, yet, so far as regards making a transcript of the record, and transmitting it with the necessary papers to the appellate court, this is a ministerial duty to be performed by the proper officers of the court appealed from, and any delay or default in the discharge of such duty ought not to work injury to the appellant, who has duly filed the requisite appeal bond and otherwise complied with the statute and the lawful orders of the court in the premises. With respect to an appeal from a justice of the peace to the circuit court, in a case where a similar question arose, the supreme court of Illinois says: "When the party appealing has entered into the appeal bond, and the same is accepted and approved by the justice, the appeal is

taken.   He has done all that the law requires of him, and what remains to be done, to wit: the return of the papers to the clerk, is to be performed by the justice of the peace.

In the performance of this act, which is merely ministerial, the justice is the officer of the law, and not the agent of the party, and consequently the party cannot be held responsible for his neglect." *Little* v. *Smith*, 4 Scammon, 402.

In an appeal from the county court to the superior court of that State it was held that, in the approval and filing of such bond by the county judge, he acts as a justice in a similar case, and that " the neglect of the county judge, or of the clerk of the county court, to file the bond in the superior court within the time limited by the statute, does not defeat the appeal.   This was a mere ministerial duty on the part of the officer, the failure to perform which should not injure the appellant." *Beardsly* v. *Hill*, 61 Ill. 356.

No time is fixed by our statute within which the transcript and papers on such appeal are to be filed in the district court, and the implied duty, therefore, of the judge or clerk of the county court, is to make out and transmit such papers immediately upon approval and filing of the appeal bond.

For these reasons we think the dismissal of the appeal by the district court was erroneous.

The judgment will be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*