## KASSON v. FOLLETT.

An appeal to a district court is rightly dismissed for failure of the appellant to cause a transcript of the proceedings below to be filed in the district court within the time required by a rule of the said court, notwithstanding that the statute authorizing the appeal prescribes no time within which the transcript shall be transmitted to the appellate court.

*Error to District Court of Chaffee County.*

Messrs. McDONALD and NORRIS, for plaintiff in error.

Mr. J. B. BISSELL, for defendant in error.

BECK, C. J.   This action was originally instituted in the county court of Chaffee county, by Follett, the defendant in error, who obtained judgment therein against Kasson, the plaintiff in error.   The latter prayed an appeal to the district court, and perfected the same by the filing of an appeal bond.   The appeal was afterwards dismissed for failure of Kasson to cause a transcript of the proceedings below to be filed in the district court within twenty days after the perfection of his appeal, as was required by rule 12 of said court.   This action of the district court is assigned for error, and, in support of the assignment, we are referred to the case of *Swenson v. Girard F. & M. Ins. Co.* 4 Colo. 475, wherein the court say that the making of a transcript of the record, and transmitting it, with the necessary papers, to the appellate court, is a ministerial duty to be performed by the proper officers of the court appealed from, and that any delay or default in the discharge of such duty ought not to work injury to an appellant who has filed the requisite appeal bond.

The statute referred to, which authorized an appeal from the county to the district courts, prescribed no time within which a transcript of the record should be transmitted to the appellate court.   In order, therefore, that

parties interested in cases legally pending in a district court might not be hindered in the determination of their rights, by appeals taken merely for delay, it was entirely proper for the district judge to require, by a standing rule of court, parties appealing from judgments to the county court to lodge the papers and record on appeal in the appellate court within a reasonable time after the perfection of their appeals.    Upon this point we said, in *Cates v. Mack*, 6 Colo. 405: "This duty devolves upon the officers of the inferior court; but, if they neglect it, the appellant should take steps to have the papers sent up, either by applying to the appellate court for a rule to that effect, as suggested in *Little v. Smith*, 4 Scam. 402, or otherwise, as may be prescribed by the appellate court."

We think twenty days was a reasonable time, in the present case, to procure and file in the district court the transcript of the proceedings had below; and, in the absence of a showing by the appellant that he made any effort to comply with the rule of the district court, the judgment must be affirmed.

*Affirmed.*