## No. 13,713.

NEIGHBORS OF WOODCRAFT *v.* HILDEBRANDT.
(45 P. [2d] 899)

Decided May 6, 1935.

Mr. CLARENCE L. BARTHOLIC, Mr. FRANK McDONOUGH, JR., for plaintiff in error.

Mr. PAUL L. CROCKER, Messrs. BARKER & WEBSTER, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

DEFENDANT in error, plaintiff at trial, moves to dismiss the writ of error, for that since judgment was entered before leave was sought for filing a motion for new trial, review cannot be had.

It appears that October 4, 1934, when taking of testimony had been concluded in a trial before a jury, each party moved for a directed verdict, whereupon—conformable to the practice—the court discharged the jury, and on consideration found the issues in favor of plaintiff and entered judgment. Execution was stayed for thirty days. Defendant excepted to the findings and judgment and was given time to file a motion for new trial; November 26, 1934, defendant's motion for new trial was denied, to which an exception was noted. Sixty days were given for a bill of exceptions and there was stay of execution for like time.

Plaintiff contends that section 238, Code 1921, in the circumstances of the record, required defendant to file its motion for new trial before judgment, failing which, although the motion was timely filed and regularly considered otherwise, is as if not interposed at all. Usually, as we understand the practice, judgment is withheld pending determination of motion for new trial, but it is not our understanding that earlier entry will so alter the situation as to work denial of the right to file a motion for a new trial and thus circumvent review on error. The code section referred to does not specifically so provide, and section 244, which provides for judgment within twenty-four hours after the return of a verdict, preserves to the losing party the right to have a motion for new trial considered, unprejudiced by the judgment entry. We have said of a situation of the kind here, that "the decision of the trial court has the effect of a general verdict." *O'Brien v. Galley-Stockton Shoe Co.*, 65 Colo. 70, 173 Pac. 544. Where a motion for new trial was filed after judgment, but otherwise within the required time, we held that it "suspended the judgment, so that it became final only when the motion was overruled." *Charles v. Sprott*, 75 Colo. 90, 224 Pac. 222. The time of the adverse ruling on the losing party's motion for new trial marks the date when the judgment becomes "final for the purpose of the prosecution of a writ of error." *Bates*

*v. Woodward*, 66 Colo. 555, 185 Pac. 351. See, also, 46 C. J. 67, §18. We believe the motion to dismiss the writ of error to be without merit. ·

In the matter of the application for supersedeas, we perceive that questions are presented which call for examination at length. The circumstances warrant issuance of the writ.

Let there be orders denying the motion to dismiss the writ of error, and granting supersedeas, plaintiff in error to give bond within ten days as required by section 428, Code 1921.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.