### ISPASS et al. v. PYRAMID MOTOR FREIGHT CORPORATION.
#### No. 89.

Circuit Court of Appeals, Second Circuit.

Dec. 28, 1945.

Writ of Certiorari Granted March 25, 1946.

See 66 S.Ct. 818.

---

620

Leon E. Spielvogel, of New York City (Ramey & McKelvey, of New York City, of counsel), for appellants.

Charles E. Cotterill, of New York City, for appellee.

Before L. HAND, SWAN, and FRANK. Circuit Judges.

SWAN, Circuit Judge.

This is an action under § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), to recover unpaid overtime compensation, liquidated damages and attorney's fees. It was commenced in the City Court of the City of New York, was removed by the defendant to the District Court, and was tried to the court without a jury upon an agreed statement of facts. The plaintiffs are employees of the defendant, a common carrier by motor truck of interstate freight, and the issues framed for trial were whether they were within the coverage of section 7 of the Act, 29 U.S.C.A. § 207, or were exempted therefrom by section 13(b) (1), 29 U.S.C.A. § 213(b) (1), as employees "with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49." Because of doubt on the basis of the agreed facts whether the plaintiffs were subject to the jurisdiction of the Interstate Commerce

Commission, the trial judge was of the opinion that decision should be held in abeyance in order that they might have an opportunity to apply to the Commission to fix their status. Ispass v. Pyramid Motor Freight Corp., D.C., 54 F.Supp. 565. Thereafter the plaintiffs moved for a final disposition of the case, and the trial judge, treating the motion as an election not to apply to the Commission or to present further pleadings or proof, entered an order dismissing the complaint. 59 F.Supp. 341. From this judgment the plaintiffs have appealed.

 Before passing to the merits we consider the appellee's motion to dismiss the appeal. The judgment was entered February 19, 1945. Notice of appeal was duly filed March 29th, but nothing was done to docket the appeal in this court and file the record therein, or to obtain an extension of time from either the District Court or this court until July 20th, when an order was obtained from a judge of this court extending the appellant's time to file the record on appeal until September 1, 1945. On that date the record and the appellants' brief were filed. A motion by the appellee to dismiss the appeal was denied from the bench in October and is now renewed. It is urged that under Rule 73(g) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c only the District Court possesses jurisdiction to extend the time to docket an appeal and file the record on appeal. But Rule 73(a) provides that a party may appeal by filing with the District Court a notice of appeal and that failure of the appellant to take further steps "does not affect the validity of the appeal, but is ground * * * for such action as the appellate court deems appropriate, which may include dismissal of the appeal." Hence the jurisdiction of the appellate court attaches at the time of filing the notice of appeal and whether a dilatory appellant shall be allowed to proceed is a matter within its discretion. Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 104 F.2d 83; Mutual Benefit Health & Accident Ass'n v. Snyder, 6 Cir., 109 F.2d 469; Burke v. Canfield, 72 App.D.C. 127, 111 F.2d 526. In the case at bar there was no abuse of discretion in extending the time, despite the somewhat feeble excuses for delay, since the appeal presents a substantial question as to the correctness of the judgment. The motion to dismiss is denied.

 In construing section 304(a) (1) and (2) of Title 49 U.S.C.A. the Supreme Court has limited the regulatory power of the Commission to those employees whose activities affect the safety of operation of motor vehicles. United States v. American Trucking Ass'ns, 310 U.S. 534, 553, 60 S.Ct. 1059, 84 L.Ed. 1345. But it is the existence, not the exercise, of the power that determines their exemption under section 213(b) (1) of Title 29. Southland Gasoline Co. v. Bayley, 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244. In Maximum Hours of Service of Motor Carrier Employees, 28 M.C.C. 125, the Commission ruled that "loaders" and "helpers", as well as drivers, of motor trucks are subject to its jurisdiction, because the way a truck is loaded affects the safety of its operation. The appellants contend that their activities bring them within this ruling. We must therefore consider the evidence, bearing in mind that the burden of proof is upon the defendant to show which, if any, of its employees are within the exemption. Helliwell v. Haberman, 2 Cir., 140 F.2d 833, 834; Walling v. Comet Carriers, 2 Cir., 151 F.2d 107, 110; cf. Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825, 827.

Laying aside for the moment the case of the plaintiff Shapiro, the agreed statement as to the other plaintiffs is to the following effect: The defendant maintains a main terminal on West 11th Street and a sub-terminal on West 38th Street for the convenience of its customers in the Garment Center of New York City. In the case of north-bound (i. e., incoming) trucks, as the helper on the truck pushes the freight packages over the tailboard they are received by the plaintiffs, who place them in the sub-terminal building, and later in the day deliver them to the various consignees by means of hand-trucks or flat trucks which they push. Sometimes the north-bound trucks by-pass the sub-terminal and stop along the curb in the Garment Center; in such cases the unloading is performed in the same manner as at the sub-terminal and the plaintiffs then deliver the packages by hand or hand-truck into the buildings in the Garment Center. In the case of south-bound (i. e., out-going) trucks, some of the freight packages are picked up by the plaintiffs at the consignors' places of business and hand-trucked to the sub-terminal where the plaintiffs "physically load the freight packages into a waiting truck" which proceeds, when loaded, to the main

terminal where a new driver is taken on for the journey to destinations south of New York. A down-town employee other than the plaintiffs also takes part in loading the vehicles at the sub-terminal. Sometimes trucks for south-bound loadings take up stations on the public streets in the Garment Center where the plaintiffs bring the packages by hand or hand-truck; in such cases the part taken by the plaintiffs in loading consists in lifting the packages to the tailboard "and very often when the weights or size of the packages so required they would stand inside the truck bodies and, together with the down-town employee, stack and pile the freight in the vehicle." All of the plaintiffs other than Shapiro generally walked between stopping points but occasionally in order to save time, rode upon the truck when it moved from one place to another in the Garment Center.

■ It seems clear that the unloading activities of the plaintiffs would not bring them within the jurisdiction of the Commission because after the down-town helper pushes the packages over the tailboard their effect upon the safety of operation of the truck ceases. On the other hand the plaintiffs' part in loading the trucks does concern safety of operation. Merely lifting the packages on to the tailboard may not; but when they stand inside the truck body and help the down-town employee to "stack and pile the freight in the vehicle," they act as "loaders" and would come within the Commission's jurisdiction if these duties occupied a substantial part of their time. In 28 M.C.C. at 131 the Commission said that "we have concluded that we should not assert jurisdiction as to employees who spend an unsubstantial part of their time in performing duties which affect the safety of operation of motor vehicles." It is not clear whether the Commission thought it lacked power to assert jurisdiction or in the exercise of discretion refused to assert power. We think the former is the correct view. See Walling v. Comet Carriers, 2 Cir., 151 F.2d 107, 111; Levinson v. Spector Motor Service, 389 Ill. 466, 59 N.E.2d 817, certiorari granted 66 S.Ct. 30. Upon this record the defendant has not carried the burden of showing that "loading" occupies a substantial part of the working time of the plaintiffs. Accordingly the judgment of dismissal must be reversed and the cause remanded for entry of judgment in their favor and for allowance of an attorney's fee.

■ As to Shapiro the stipulation states that he regularly and as a matter of fixed duty rode on the truck between four and five hours daily. On the truck at the same time was the driver and a helper from the main terminal. In addition Shapiro devoted three and a half hours daily to inside office work at the sub-terminal. Since Shapiro rode the truck for a substantial part of his working time he is a "helper" within the Commission's ruling in 28 M.C. C. at pages 135, 136. As to him the judgment of dismissal is affirmed.

As to the other plaintiffs the judgment is reversed and the cause remanded. An allowance of $200 is awarded to the plaintiffs' attorney for services on the appeal.