No. 17,201.

CONTINENTAL AIR LINES, INC. *v.* CITY AND COUNTY
OF DENVER.
(266 P. [2d] 400)

Decided January 18, 1954.   Rehearing denied February 8, 1954.

1

Messrs. WOLVINGTON & WORMWOOD, for plaintiff in error.

Mr. JOHN C. BANKS, Mr. TY R. WILLIAMS, Mr. HORACE N. HAWKINS, JR., for defendant in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the court.

THE parties are here in the same order as they appeared in the trial court, and we will herein refer to them as plaintiff and defendant.

The issue presently before our court arises over a motion filed on behalf of defendant to strike the reporter's

transcript from the record on error. Ordinarily on motions of this kind it has not been our practice to note our determination thereof by formal written opinion; however, due to the importance of the question involved and to the frequency with which it has recently arisen here in manner very similar, if not identical, to that presented by the instant case, we have deemed it advisable, in this instance, to deviate from our established rule.

In this case judgment favorable to defendant was entered in the trial court on April 13, 1953. On July 13, 1953, plaintiff filed in this court its designation of parties and praecipe for writ of error, which was promptly issued. The reporter's transcript was not lodged with the clerk of the trial court until September 23, 1953, which was 165 days after the date of the judgment sought to be reviewed. Objections to the transcript, upon grounds to the same effect as those contained in defendant's motion here, were promptly filed in, and were overruled by, the court on October 30, 1953.

Defendant's motion to strike the transcript, after the setting forth of the foregoing historical background, is based upon the grounds that said transcript was not lodged with the clerk of the trial court within the period of 60 days from the date of entry of judgment therein, or within any period of enlargement made by order of court within said 60 days, or at all, in violation of the rules of civil procedure relating to the lodging of the reporter's transcripts.

Plaintiff contends that defendant's motion to strike is without merit and that plaintiff's position here is not subject to such an attack for the reason that upon its inability to procure its record on error prior to the expiration of 60 days following the date of issuance of writ of error, it has, from time to time, sought and procured extensions of time from our Court within which to file its record on error.

Admittedly, plaintiff did not lodge its transcript with the clerk of the trial court within 60 days following the

entry of judgment; it neither sought nor procured any extension of time within which to lodge the transcript; and that said transcript was not lodged until approximately 163 days following the date of the entry of judgment. The record shows that plaintiff has procured from our Court various extensions of time within which to file its record on error with the clerk of this Court, the first of which was on September 23, 1953, a nunc pro tunc order as of September 12, 1953.

Solution of the problem involves consideration primarily of three rules of civil procedure: 111 (c), as amended; 112, particularly subdivision (f) thereof; and 6 (b), Colorado Rules of Civil Procedure.

Rule 111 (c) was slightly amended in 1945 so as to require a designation of parties upon filing of praecipe for writ of error, but with this amendment we are not here concerned. The rule, original and as amended in 1945, was quite brief, by reason of which uncertainty arose as to its proper construction and particularly in regard to its coordination with the provisions of rule 112. In an effort at clarification, it was rather extensively amended, effective as of February 12, 1953. A cursory study thereof will solve the problem herein presented, and an adherence thereto will prevent the constant reoccurrence of similar difficulties. The pertinent portion of the rule, as amended, is as follows: "Where the record is not filed at the time of the docketing, the clerk of the supreme court shall issue and transmit to the clerk of the trial court a writ of error commanding that the record on error shall be certified to the supreme court within sixty days from the receipt of such writ or within such other or additional time as *the supreme court may order* and the party seeking the writ of error *shall do any and all things necessary under Rule 112 to obtain such record on error. The trial court shall have jurisdiction to make any and all orders relative to such record on error as may be proper under Rule 112,* except that it may not extend the time for the doing of any act pertaining to the prep-

aration of such record on error, or *any part thereof,* beyond the time fixed by the supreme court for the certification of such record on error to the supreme court. If, for any reason, the record on error cannot be certified to the supreme court within the time fixed by the supreme court, or any extension thereof, then, at the end of such time or extension, the clerk of the trial court shall certify to the supreme court that the record on error has not been made available for such certification, stating the reasons therefor if known to him. A copy of such certificate shall at the same time be served by the clerk of the trial court on all interested parties in accordance with Rule 5. After receipt of such certification the supreme court shall make whatever disposition of the writ of error or take whatever other action it deems proper." (Emphasis supplied.)

It will be noted that the rule properly designates the documents required to be filed in this court as the "record on error." It is elementary, of course, that the record on error comprises, (1) copies of the designated pleadings from the trial court certified by the clerk, and (2) the reporter's transcript. Older practitioners will recall that in former days these were referred to as the record proper and bill of exceptions. Under the rule it is required that the record on error when procured pursuant to writ of error, shall be filed within 60 days from the receipt of such writ or within such other or additional time as "the supreme court may order." Then follows the requirement that the party procuring such writ of error "shall do any and all things necessary under Rule 112 to obtain such record on error." If it be impossible to procure the record on error within time to allow its filing in this Court within the sixty-day period, upon application, our Court may, and frequently does, extend the time, but the compilation of the record on error is to be accomplished by and within the trial court. The rule, therefore, further provides that the trial court shall have jurisdiction "to make any and

all orders relative to such record on error as may be proper under Rule 112," subject only to the limitation that it may not extend the time for the preparation of such record on error "or any part thereof" beyond the time fixed by our Court for its filing with the clerk of our Court. Clearly the intention of the rule is that the trial court shall have supervision of the preparation of the record on error as designated by the party seeking same, and pursuant to the requirements of Rule 112, being careful meanwhile not to order an enlargement of time beyond any date fixed by the Supreme Court for the filing of the record on error in that Court.

Bearing in mind that the reporter's transcript is not the record on error but only a part thereof, it now is proper that we refer to Rule 112 to ascertain what "things" thereunder are "necessary" to be done in compliance with Rule 111 (c). Rule 112 (a) relates to the preparation and certification of the record on error and provides that the reporter's original transcript *"may be a part of the record on error."* (Emphasis supplied.) Subdivision (f) of said Rule 112, being the section thereof with which we are here more particularly concerned, reads as follows: "Transcript; Objections; Certification. The party seeking reversal shall, *within 60 days from the date of the judgment sought to be reviewed,* lodge with the clerk of the trial court the reporter's transcript containing such parts of the proceedings and evidence as may have been designated. The clerk shall immediately give written notice thereof to opposing parties, who shall have 14 days thereafter in which to file written objections to such transcript. If none is filed, such transcript shall be signed and certified by the judge and become a part of the record in the supreme court. If objection is filed the party seeking reversal shall be immediately notified by the clerk of the trial court and the objection promptly heard and determined, whereupon the transcript shall be signed and certified." (Emphasis supplied.)

It immediately is apparent that under Rule 111 (c) it is necessary that plaintiff in error, if he wishes the reporter's transcript to be contained within the record on error, shall cause it to be prepared and lodged with the clerk of the court "within 60 days from the date of the judgment sought to be reviewed" as provided by Rule 112 (f). There is but one rule and it applies, whether the writ of error be obtained upon filing of the record on error, or pursuant to praecipe. In either event the reporter's transcript shall be lodged with the clerk of the trial court within 60 days after the entry of judgment.

A litigant desiring a review of his case upon writ of error is confronted with the accomplishment of two projects: one in this court and the other in the trial court. Here he must make certain that writ of error is timely issued and that his record on error is filed within the time prescribed by the rule, or such enlargement thereof as may be fixed by order of this Court. In the trial court, where now, under amended Rule 111 (c), preparation of the record on error is under the jurisdiction of the trial court in manner as provided by Rule 112, he must see to it that the reporter's transcript, if he desires that it be included in the record on error, is prepared and lodged within the time fixed therefor by said Rule 112 (f), or within such extended period as may be granted by appropriate court order pursuant to Rule 6 (b).

The attempt of counsel for plaintiff to place reliance upon extensions received from this Court within which to file the record on error with the clerk of our Court, can be of no avail. We have searched our files covering this entire proceeding and we find that in each instance this Court was petitioned for an extension of time within which to *file the record on error.* We never were asked for an extension of time in which to lodge the reporter's transcript with the clerk of the trial court. We had every reason to presume that the party seeking the review by our Court was doing "any and all things neces-

sary under Rule 112 to obtain such record on error," under preparation in the trial court, and even had we known otherwise, we may not be charged with its error.

■ ■ It may seem to some that such strict enforcement of our rules of civil procedure may be somewhat harsh, or possibly unnecessary, but this is a matter in which we have, at the most, a limited discretion. Every litigant has the right to rely upon the rules as written, and it becomes our duty to enforce them where objection is made in reliance upon the language of the rule cited. We may not make fish of one and fowl of another. Within recent months several instances similar to the one now under consideration have occurred, and we have consistently ordered the transcripts stricken. This is in keeping with our policy and practice prevailing before adoption of our present rules. In the case of *Ransom v. Holland,* 66 Colo. 420, 182 Pac. 885, we held that an extension of time for tender of the bill of exceptions can be granted only within the sixty-day period fixed by the statute. See, also, *Mosher v. Lustick,* 66 Colo. 455, 182 Pac. 886. The rule announced in the Ransom case was approved in *Dickson v. Horn,* 89 Colo. 234, 237, 1 P. (2d) 96, where we said: "The bill of exceptions, not having been prepared and tendered within the time fixed and allowed by the court, nor within the time limited by any proper extension thereof, and when timely objections thereto have been made, cannot be considered by this court." The above quotation from the Dickson case recently again was cited with approval in *Moreau v. Buchholz,* 124 Colo. 302, 308, 236 P. (2d) 540, which was decided prior to the February 12, 1953 amendment of Rule 111 (c).

■ ■ It is true that the requirements of the rules may be waived by failure to file objection, *Mogote-Northeastern Consolidated Ditch Co. v. Gallegos,* 69 Colo. 221, 222, 193 Pac. 670; or by consent, *Rose v. Agricultural Ditch and Reservoir Co.,* 69 Colo. 232, 193 Pac. 671; but

where sufficient objection is made at the proper time and place, and such appears clear from the record, we have no alternative but to enforce the applicable rule. So, in this case where it is clearly manifest that no attempt was made to comply with the provisions of Rule 112 (f), nor was any relief sought from its more or less strict requirement through resort to the simple procedure provided by Rule 6 (b), it again is our disagreeable duty to be obliged to adhere to established precedent. As we said in *Trust Co. v. Williamson*, 111 Colo. 515, 518, 143 P. (2d) 685, "While we regret the embarrassment which attends, still we may not consistently waive a rule recognized by all concerned * * *." We have no alternative but to enforce the rules upon which defendant has placed reliance.

It is ordered that the reporter's transcript be stricken from the record on error.