No. 17,510.

Pueblo, a Municipal Corporation *v.* Mace.
(273 P. [2d] 1015)

Decided September 7, 1954.

Mr. John H. Marsalis, for plaintiff in error.

Messrs. Bartley & Bartley, for defendant in error.

*En Banc.*

Mr. Justice Clark delivered the opinion of the Court.

This matter refers to procedure for review with particular reference to Rules 111 and 112 (f), R.C.P. Colo. On a number of occasions within recent months we have been called upon to apply the rules mentioned, and more especially Rule 112 (f) with reference to motions to strike transcripts which had not been lodged with the

clerk of the trial court within the sixty-day period provided by the rule. In some of these instances we have taken the trouble to announce formal opinions. *Continental Air Lines, Inc. v. City and County of Denver,* 129 Colo. 1, 266 P. (2d) 400; *Smith v. Woodall,* 129 Colo. 435, 270 P. (2d) 746; but on each of these occasions, including the two above cited, more than sixty days had elapsed after the judgment of the trial court became final before the transcript was lodged with the clerk of that court. In the written opinions mentioned we quoted the rule, and used the terminology thereof that, "The party seeking reversal shall, within 60 days from the date of the judgment sought to be reviewed, lodge with the clerk of the trial court the reporter's transcript * * *." We now are called upon to interpret the meaning of the language of the rule as to what is meant by the terminology "within 60 days from the date of the judgment."

In the instant case a jury verdict was rendered; judgment entered thereon April 1, 1954; and the unsuccessful party given ten days within which to file a motion for a new trial. A motion for new trial was filed April 8th; argument was heard thereon June 7th; and on June 18, 1954, the trial court entered its order overruling said motion. Was the "date of the judgment" April 1, 1954, or June 18, 1954? It will be noted that June 18th is more than sixty days after April 1, 1954, and if the narrow interpretation is to be given the rule that the date of judgment is the day on which it was actually entered, regardless of the pendency of the motion for new trial, the sixty-day period had already expired before the motion was determined. During that period of time and until the judgment became final either by withdrawal of, or ruling upon, the motion for new trial, no writ of error would lie. Since no writ of error in such instance would be available until the final disposition of the motion for new trial, can it be said that the party wishing to have the cause reviewed would be required, under such cir-

cumstances, to keep his time alive within which to file his transcript? The presentation of motions designed for this purpose might be taken as indicative of the lack of confidence in the party's motion for new trial; also, the instance has been known when motions for new trial have been granted by trial courts. Other instances are of record where the trial court failed to act upon motions for new trial until several months after the trial had been concluded, during which time neither party had any way of knowing whether a new trial was to be had pursuant to the motion filed or a review sought upon its being denied.

██ ██ In the case of *Bankers Trust Co. v. Hall,* 116 Colo. 566, 571, 183 P. (2d) 986, we said: "In *Catlin, Admr. v. Vandegrift,* 58 Colo. 289, 144 Pac. 894, we approved the rule, that until the motion for a new trial is determined a judgment is not final. That case has never been overruled and was followed in numerous cases up to and including that of *Neighbors of Woodcraft v. Hildebrandt,* 96 Colo. 552, 45 P. (2d) 899, where we held that the time of the adverse ruling on the losing party's motion for a new trial marks the date when the judgment becomes final for the prosecution of a writ of error."

We believe the logic of that decision applies with equal force to the matter now before us. The rule must be interpreted to give it a practical effect, and we therefore are constrained to hold that the date of the judgment, as the term is used in the rule, means that date when the judgment becomes final in the trial court.

██ In the instant case plaintiff in error, within the period of sixty days following June 18, 1954, and on August 11, 1954, filed with the trial court its motion to extend time for filing the reporter's transcript; but following argument, the trial court declined to rule either way on that motion. Since the preparation of the transcript of the record on error is within the jurisdiction of the trial court, it was under obligation to rule upon said

motion, and in the absence of other cause shown than the lapse of more than sixty days from the date of April 1, 1954, it should have been granted.

In lieu of the order requested by the petitioner here, it is the order of this Court that the trial court make and enter an order on the petition for enlargement of time filed with the clerk thereof on August 11, 1954, extending such period to such extent as may seem reasonable and proper from and following the 11th day of August, 1954, as to enable the preparation of the reporter's transcript, and in no event shall extension be for less than twenty days from the date of the entry of this order.