No. 18,103.

BETTY FREEMAN, ADMINISTRATRIX OF THE ESTATE OF DONALD H. FREEMAN v. T. A. CROSS, ET AL.

(305 P. [2d] 759)

Decided January 7, 1957. Rehearing denied January 21, 1957.

438

Mr. Victor F. Crepeau, for plaintiff in error.

Messrs. Bryant, Petrie & Waldeck, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

Defendants in error have moved to dismiss the writ of error herein for alleged failure to comply with pertinent provisions of the Rules of Civil Procedure.

Judgment was entered by the trial court August 13, 1956. Writ of error issued out of this court on September 28, 1956, ordered that the record be certified "within sixty days from the receipt of this writ, or within such additional time as said Supreme Court may order." The writ was served October 1, 1956, and the time for certification of the record and filing thereof with the clerk of this court expired November 30, 1956. No application for extension of time to file the record was made on behalf of plaintiff in error.

The reporter's transcript was not lodged in the trial court within sixty days from the date of entry of the judgment, as required by Rule 112 (f), R.C.P. Colo. Except as hereinafter stated, no extension of time within which the reporter's transcript could be lodged was applied for in, or granted by, the trial court. Under applicable provisions of Rule 112 (f), R.C.P. Colo., the time within which plaintiff in error could lodge the reporter's transcript with the clerk of the trial court expired on the twelfth day of October, 1956. On November 10, 1956,

a motion, which never was heard, was filed on behalf of plaintiff in error requesting an extension of time within which to lodge the reporter's transcript. A second motion for extension of time within which to file the transcript was filed November 14, 1956. This motion was denied by the trial court December 6, 1956, for the reason that, "The trial court is without jurisdiction to extend the time in which to lodge or file the transcript of evidence * * *."

 The trial judge affixed his signature to the reporter's transcript and certified that the same was tendered to him on the eighth day of December, 1956. Rule 112 (f), R.C.P. Colo., requires that the reporter's transcript shall be lodged with the clerk of the trial court who shall "immediately give written notice thereof to opposing parties, who shall have fourteen days thereafter in which to file written objections to such transcript." There was no compliance with this rule. The record, including the reporter's transcript, was tendered to the clerk of this court December 10, 1956, and counsel for plaintiff in error filed a motion simultaneously in which he sought a "waiver" of pertinent rules, and prayed that the cause be considered on its merits, notwithstanding the facts hereinabove set forth. Thereafter counsel for defendants in error filed a motion to dismiss the writ of error.

In *Continental Air Lines, Inc. v. City and County of Denver,* 129 Colo. 1, 266 P. (2d) 400, we said:

" * * * we have no alternative but to enforce the applicable rule. So, in this case where it is clearly manifest that no attempt was made to comply with the provisions of Rule 112 (f), nor was any relief sought from its more or less strict requirement through resort to the simple procedure provided by Rule 6 (b), it again is our disagreeable duty to be obliged to adhere to established precedent."

To like effect are the opinions of this court in *Hildenbrandt v. Hall,* 129 Colo. 16, 269 P. (2d) 708; and *Smith*

*v. Woodall, County Treasurer, et al.,* 129 Colo. 435, 270 P. (2d) 746. We quote the following pertinent language from the latter opinion:

"Under rule 6 (b) (1), R.C.P. Colo., enlargements of time are so readily obtainable where application is made therefor within apt time that there is rarely an occasion where failure to do so would appear to be excusable. Compliance with the rules in the preparation, certification and lodging of the reporter's transcript is imperative if it is desired to make it a part of the record on error. Transcripts, like briefs, may not be filed whenever or wherever counsel may find it convenient. *Fraka v. Malernee,* 129 Colo. 87, 267 P. (2d) 651, 653. It is the right of litigants to rely upon the rules as written, and it is the duty of courts to enforce them where timely objection is made. *Continental Air Lines v. Denver, supra.*"

In this cause no record is properly before us, and the writ of error is dismissed.