Mr. Justice Sutton
delivered the opinion of the Court.
Petitioners sought relief in this court from a denial by the respondent trial court of their joint motions To Dismiss Appeal, To Strike Amended Complaint and To Dismiss Amended Complaint. We granted a Rule to Show Cause on the initial showing made and the matter is now at issue.
It appears that an action was begun in the Superior Court in and for the City and County of Denver between Leona S. Avery, d/b/a Avery Realty Co., as plaintiff and these Petitioners as defendants; and, that on June 10, 1963, said complaint was dismissed with leave to amend. Further, that on June 14, 1963, Avery filed her “Application To Set Aside Judgment of Non-Suit” which was denied by the Superior Court on July 23, 1963. Then, on July 30, 1963, the Superior Court set an appeal bond and on August 2, 1963, the bond was approved by that court and filed forthwith in both the Superior and District Courts.
One of the problems presented arises because the Clerk of the Superior Court did not docket the transcript and record for the appeal in the District Court until August 12, 1963- — more than ten days after the judgment became final. Petitioners, claiming this violates the ten day limit to appeal [C.R.S. ’53, 37-6-11 (2) (Supp. 1961)] thereupon sought to dismiss the action in the District Court based on the aforesaid motions.
The only question involved on this point is: what constitutes taking an appeal in order to stop the running of the statutory time? In Swenson v. Girard F. and M. *230 Insurance Co., 4 Colo. 475 (1878) it was held that the making of the transcript and transmitting it is a miniST terial duty of the clerk and that any delay in so doing is not chargeable against a party who has filed his appeal bond in apt time. In other words, it is the filing of the requisite bond that constitutes taking the appeal and which tolls the statute.
At the time of Swenson there was no ten day limit during which the clerk or judge of the county court should file the record and transcript under what is now C.R.S. ’53, 37-6-12 (Supp. 1960). Such a provision was added later, and, the statute today also expressly provides that: “The failure of the clerk or judge of the county court to file such papers and transcript within the time herein prescribed shall not affect the appeal.” [Note: the same rules apply to superior courts by virtue of C.R.S. ’53, 37-11-8 (Supp. 1960).]
So, today we have both case and statutory law supporting the trial court’s ruling which properly denied the motion.
As to the asserted grounds for relief wherein it is contended that Avery could not file an amended complaint in the district court, that the amended complaint does not state a claim upon which relief can be granted, and that Avery appears to have departed from the theory of her original action, we express no opinion thereon and merely point out that such matters are not a proper subject for an original proceeding. Any ruling of the trial court on these last grounds, if objected to, must be reviewed by writ of error.
The rule is discharged.
Mr. Justice Hall not participating.