No. 22432.

ALLEN B. COX AND GUSSIE W. COX *v.* JAMES D. ADAMS, KAY ADAMS, J. F. BISCHOF, MARY S. BISCHOF, JAMES C. BOWERS, MARY H. CAMERON, MIRIAM PERKINS GLOVER, ET AL.
(464 P.2d 513)

Decided January 26, 1970.    Rehearing denied February 24, 1970.

Morton McGinley, for plaintiffs in error.

Geddes, Weir and Sparks, Kenneth Sparks, Thomas D. Gresham, for defendants in error.

*In Department.*

Opinion by Mr. Justice Day.

The parties will be designated as they appear in the trial court where plaintiffs in error were defendants and defendants in error were plaintiffs.

This case involves an action by a group of neighbors

in Colorado Springs seeking to enjoin defendants from using their real property as a two-family residence. The plaintiffs alleged that they were owners of real property in an area in close proximity to that owned by defendants; that the property of all the parties is in a single family residential zone; that defendants converted their property into a two-family dwelling after passage of the zoning ordinance which provides for single-family use only; that the plaintiffs were damaged and would continue to be damaged if defendants were allowed to operate their premises in violation of the zoning ordinance and that, if the defendants were allowed to continue, plaintiffs would suffer immediate irreparable injury, loss and damage. Plaintiffs prayed that a permanent injunction issue.

Defendants answered that the real property in question had been used as a two-family residence prior to the enactment of the ordinance; they denied that plaintiffs would suffer any damage by reason of the action of the defendants.

At the time the matter was set for trial a stipulation of fact was entered into between the parties through their respective attorneys. The stipulation was not a complete statement of the facts involved, so additional evidence was taken in the trial to the court. The trial court found, on the basis of the stipulation of fact and the additional evidence, that prior to the enactment of the zoning ordinance in question the property of defendants was a single family residence and that defendants, in violation of the ordinance, converted the property to a two-family dwelling. The trial court further found the violation "* * * creates and would continue to create special damages against Plaintiffs, and Plaintiffs are entitled to relief for such damages." The injunction as prayed for was issued.

The defendants' assignments of error are:

1. The trial court erred and abused its discretion in not granting to defendants an extention of time within which to lodge the reporter's transcript.

II. The trial court erred in granting an injunction in favor of plaintiffs. Such action was not justified by the pleadings or the evidence.

III. The trial court erred in granting an injunction to plaintiffs on the grounds that plaintiffs neither averred nor proved special damages required to sustain an injunction.

I.

The defendants failed to lodge the reporter's transcript with the clerk of the district court of El Paso County within sixty days from the date of judgment as provided by R.C.P. Colo. 112(f).

The contention of the defendants is that this failure to lodge the reporter's transcript within the time allowed by the rule was the result of excusable neglect based on counsel's assertion that immediately following the trial of this action he was involved in two jury matters requiring his full attention, and that he is a sole practitioner and was under extreme pressure during this period of time. In addition he stated that he was out of the state during much of the time when the transcript was supposedly being prepared.

As a matter of law, the defendants' motion for an extension of time does not show any excusable neglect. The general rule is that the press of work or other activities of an attorney do not constitute excusable neglect. *See* Vol. 15A *Words and Phrases*, p. 228. *See also Citizens' Protective League v. Clark*, 85 U.S. App. D.C. 282, 178 F.2d 703; *Maghan v. Young*, 80 U.S. App. D.C. 395, 154 F.2d 13; *Motors Ins. Corp. v. Fields*, 294 S.W.2d 518 (Ky.); *Dow v. Ross*, 90 Cal. 562, 27 P. 409.

This court requires strict compliance with R.C.P. Colo. 112(f). *See Continental Airlines v. Denver*, 129 Colo. 1, 266 P.2d 400; *Marcotte v. Mathieson*, 162 Colo. 131, 425 P.2d 37; *Freeman v. Cross*, 134 Colo. 437, 305 P.2d 759.

Backed by the rulings announced by this court, the trial court did not abuse its discretion and therefore did

not err by refusing to extend time for allowing the reporter's transcript to be filed in the district court.

## II. and III.

■■ It is asserted that the findings of fact and judgment are contrary to the pleadings and the evidence. In *Burton v. Garner,* 150 Colo. 529, 374 P.2d 707, we stated under a similar situation:

"* * * There being no transcript before us we cannot consider this ground of asserted error. In its absence we are bound to presume that the findings and conclusions of the trial court are correct and that the evidence presented supports the judgment. * * *"

The presumption of the regularity of the trial court's proceedings requires us to uphold the findings of fact and the conclusions of law complained of by the defendants, and any discussion of them here would serve no useful purpose.

The judgment is affirmed.

MR. CHIEF JUSTICE McWILLIAMS, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.