STATE of Colorado, for the Use of the
**DEPARTMENT OF CORRECTIONS,**
Petitioner,

v.

Federico PENA, Mayor of City and County of Denver; J.D. MacFarlane, Manager of Safety, City and County of Denver, John Simonet, Director of Corrections for the City and County of Denver; Mose Trujillo, Warden of the Jail for the City and County of Denver; Sal Carpio, Robert Crider, Kathy Donohue, Stephanie Foote, Ted Hackworth, Nieves McIntyre, Kathy Reynolds, William Roberts, William Scheitler, John Silchia, and Paul Swalm, City and County Member, City and County of Denver, Respondents.

No. 88SC544.

Supreme Court of Colorado,
En Banc.

March 5, 1990.

Rehearing Denied April 2, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Terrence A. Gillespie, Asst. Atty. Gen., Denver, for petitioner.

Stephen H. Kaplan, City Atty., and Stan M. Sharoff, Asst. City Atty., Denver, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review the order of the court of appeals dismissing the petitioner's appeal for failure to transmit the record in a timely manner. In our view, dismissal, under the facts of this case, was too harsh a sanction. Accordingly, we reverse and remand with directions.

## I.

Significant issues involving the Department of Corrections and the confinement of state prisoners in the Denver County Jail were addressed in the district court. Denver sought an injunction to compel the Department of Corrections to accept state inmates who were confined in the county jail, and to require payment for confining state prisoners in the Denver County jail pursuant to the request of the Department of Corrections. The district court entered an injunction in favor of Denver and ordered substantial funds to be paid by the Department of Corrections.

Petitioner's counsel filed a notice of appeal, designated the record on appeal, and ordered a transcript of the proceedings in the Denver District Court. A notice of appeal, cross-appeal, and a designation of record were also filed by the respondents. The record designated by the parties included the pleadings, motions, exhibits, orders, and a transcript of all testimony and proceedings in the district court. The trial court's order was entered on October 2, 1987, *nunc pro tunc*, September 28, 1987, and included a transcript of the trial court's ruling on September 28, 1987 as the findings and conclusions required by C.R.C.P. 52. The total transcript was estimated to

be 500 pages. Trial was completed in two days.[1] The transcript was not completed prior to dismissal of the appeal on September 9, 1988, for failure to transmit the record.

In this case, the record was to be filed in the court of appeals not later than February 11, 1988. C.A.R. 11(a). Prior to the filing deadline, the court reporter notified counsel that because of "transcript overload" she could not complete the transcript prior to the deadline. Petitioner's counsel filed a motion for an extension of time, supported by an affidavit from the court reporter, and obtained a ninety-day extension to May 9, 1988 to file the record. On May 3, 1988, a second ninety-day extension of time was sought because of the inability of the court reporter to complete the transcript of the proceedings in the district court by May 9, 1988. On May 4, 1988, the court of appeals denied the motion without prejudice to "review upon itemization of transcript overload." On May 16, 1988, a third motion for an extension was filed with an affidavit from the trial court reporter setting forth a 7,500 page backlog of transcripts. The court of appeals denied the motion after the itemization of transcript overload was provided by the petitioner.

Thereafter, on August 15, 1988, the court of appeals issued an order to show cause why the appeal should not be dismissed with prejudice for failure to transmit the record in a timely manner. The petitioner responded and requested reconsideration of the previous order denying an extension of time to file the record. The court of appeals rejected the petitioner's response to the order to show cause and on September 9, 1988 dismissed the appeal with prejudice. In its order, the court of appeals failed to indicate the factors that influenced its decision. A petition for rehearing was filed on

---

**1.** The time for preparation of the transcript cannot be predicted with certainty because of the different methods that are used by court reporters. The rule of thumb is that a reporter will require four days to transcribe a two-day trial. Computerized transcription and other modern techniques materially shorten the time for preparation of a transcript. Depending upon the

equipment available, a two-day transcript can be prepared in a day. *See* Conference of State Court Administrators Committee to Examine Court Reporting Service, *Court Reporting Practices Among the State Court Systems Survey Results* (June 1984) (available from National Center for State Courts).

September 22, 1988, and denied by the court of appeals on October 17, 1988.

The appellate procedures employed by the petitioner were not a model. No effort was made by either party to obtain the assistance of the trial judge or court of appeals to expedite the preparation of the record. The affidavit supporting the first ninety-day extension merely stated that due to a "transcript overload" the reporter was unable to complete the transcript prior to February 10, 1988, and required an extension of ninety days to May 10, 1988.

The second application, which was all but identical to the first, sought an additional extension of ninety days. When the court of appeals denied the motion without prejudice to provide an itemization, the petitioner filed a third motion for extension of time which contained an itemized backlog of seven transcripts that had to be completed, in addition to the usual on-going transcription demands imposed on a trial court reporter, before the reporter could prepare the transcript in this case. The reporter's affidavits supporting the requests for extensions of time did not state that the transcript would be completed within the time requested. No further effort was made by the petitioner to complete the record until after the order to show cause was issued by the court of appeals on August 15, 1988.

## II.

The petitioner relies on the following language in *Swenson v. Girard F. and M. Ins. Co.*, 4 Colo. 475 (1878), for reversal of the court of appeals order dismissing the appeal:

[I]t is to be expected that attorneys will be prompt and assiduous in seeing that causes are not delayed through their own neglect, and that in the matter of appeals they take prompt steps and give timely directions to the officers of the courts in the matter of perfecting the appeal, yet, so far as regards making a transcript of the record, and transmitting it with the necessary papers to the appellate court, this is a ministerial duty to be performed by the proper officers of the court appealed from, and any delay or default in the discharge of such duty ought not to work injury to the appellant, who has duly filed the requisite appeal bond and otherwise complied with the statute and the lawful orders of the court in the premises.

*Id.* at 480.

■ Appellate counsel should not be penalized for failure of court employees to carry out their duties and obligations, but there remains the appellate lawyer's obligation to perfect the record on appeal in a timely manner. *See Cobb v. Cobb,* 62 Ohio St.2d 124, 403 N.E.2d 991 (1980). Appellate counsel has the obligation to seek assistance first from the trial court and then from the appellate court.[2]

C.A.R. 11(d) states:

The appellate court for cause shown may extend the time for transmitting the record. A request for extension must be made within the time originally prescribed or within an extension previously granted. Any request for extension of the period of time based upon the reporter's inability to complete the transcript shall be supported by an affidavit of the reporter specifying why the transcript has not yet been prepared, and the date by which the transcript can be completed. *The appellate court may direct the trial court to expedite the preparation and transmittal of the record on appeal.*

---

**2.** Chief Justice Directive 85–10 provides the appellate lawyer with a method for breaking a so-called "transcript overload." The directive provides a positive remedy for the lawyer who cannot obtain a transcript from an overloaded court reporter and states:

4. When an appellate court orders a court reporter to prepare a transcript within a prescribed time and the reporter is unable to complete the transcript within the allotted time, the chief judge shall order the reporter to take leave without pay for such time as is necessary to prepare the transcript or may order the reporter to pay for a replacement reporter during this period. Except for these circumstances, or when a court reporter is absent on sick or annual leave, the chief judge shall make a concerted effort to find a substitute reporter within the court before engaging a replacement contract reporter.

(Emphasis added.) The petitioner did not seek the assistance of the court of appeals in obtaining a transcript of the record until the order to show cause was entered. C.A.R. 11(d) provides a means for the appellate lawyer to obtain the assistance of the court of appeals in obtaining a record for the appellate court. Here, appellate counsel did not seek the assistance of either the trial or appellate court in a timely manner and did not lay a foundation to establish that the sole responsibility for the failure to complete the record was attributable to the court reporter.

However, when the court of appeals ordered the petitioner to show cause why the appeal should not be dismissed for failure to transmit the record in a timely manner, a response was filed belatedly requesting assistance in obtaining the transcript. In the response, the petitioner sought the assistance of the court of appeals by requesting the trial court to expedite the preparation of the record. *See Pueblo v. Mace,* 130 Colo. 162, 273 P.2d 1015 (1954). The court of appeals did not enter an order to assist counsel in obtaining the record and dismissed the case.

■ Generally, the decision to grant or deny a motion for an extension of time to transmit the record lies within the sound discretion of the court and will not be disturbed in absence of an abuse of discretion. *Mitchell v. Espinosa,* 125 Colo. 267, 243 P.2d 412 (1952). C.A.R. 3(a) provides in part:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal in the appellate court does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.

C.A.R. 38(e) provides the appellate court with parameters for determining the proper sanction and provides that "[t]he appellate court may apply such sanction as it deems appropriate, *including dismissal,* for the failure to comply with any of its orders or with these appellate rules." (Emphasis added.)

■ When determining whether dismissal is an appropriate sanction for failure to timely transmit the record, an appellate court should consider the substantiality of the issue on appeal. *See Ispass v. Pyramid Motor Freight Corp.,* 152 F.2d 619, 621 (2d Cir.1945) ("despite the somewhat feeble excuses for delay," motion to dismiss appeal denied because substantial question was raised by merits of the appeal), *judgment vacated in part,* 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184 (1947). In *Pyramid Motor Freight Corp. v. Ispass,* 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184 (1947), *vacating in part* 152 F.2d 619 (2d Cir.1945), the denial of the motion to dismiss was approved because the substantiality of the question at issue on appeal was an appropriate matter for consideration under Rule 73(a) together with all other circumstances.[3] *Id.* at 704–05, 67 S.Ct. at 959. *See also Gunther v. E.I. Du Pont De Nemours & Co.,* 255 F.2d 710, 715 (4th Cir.1958) ("delinquency of an appellant should not be overlooked unless it is clear that substantial questions on the merits of the appeal are at issue....").

■ In our view, the court of appeals abused its discretion in dismissing the appeal in this case for failure to transmit the record in a timely manner. C.A.R. 11(a)[4] and (d). The trial court ordered that state prisoners be removed from the Denver County Jail and to reimburse Denver for

---

**3.** Fed.R.Civ.P. 73(a) was similar in substance to C.A.R. 3(a) and Fed.R.App.P. 3(a). The Federal Rules of Appellate Procedure were amended in 1979 to shift responsibility for preparation of the record on appeal from the appellant to the district court clerk. *See* Fed.R.App.P. 10; Fed.R.App.P. 11; *see also* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 211.05 (2d ed. 1989).

**4.** C.A.R. 11(a) provides, in part:

> **(a) Time for Transmission; Duty of Appellant; Ninety Days to Transmit.** The record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within ninety days after the filing of the notice of appeal unless the time is shortened or extended by an order entered under section (d) of the Rule....

*See Cox v. Adams,* 171 Colo. 37, 464 P.2d 513 (1970).

the expense of maintaining the state prisoners. Substantial issues were involved regarding the state's obligation to maintain state prisoners in state correctional facilities and not to confine state prisoners for unreasonable periods in the county jail. The trial court decision imposed injunctive relief and required substantial payments to Denver. Both the state and Denver sought appellate review of the trial court's order. When confronted with a party's failure to comply with the appellate rules, an appellate court should consider the full range of possible sanctions and select the one most appropriate under the circumstances presented in a particular case. *See* C.A.R. 38(e); C.A.R. 3(a); *Nagy v. District Court,* 762 P.2d 158, 161 (Colo.1988) ("trial judge must craft an appropriate sanction by considering the complete range of sanctions and weighing the sanction in light of the full record of the case"). Under the circumstances of this case, considering the substantial issues raised by the state's appeal and Denver's cross-appeal, the court of appeals abused its discretion by dismissing the appeal.

Accordingly, we reverse the order of the court of appeals dismissing the case, and remand to the court of appeals with directions to reinstate the appeal and the cross-appeal. The court of appeals is also directed to issue appropriate orders, pursuant to C.A.R. 11(d), to expedite the preparation of the record, and may impose such sanctions other than dismissal of the appeal as it deems proper for failure of the petitioner to transmit the record in a timely manner.

QUINN, J., dissents and
KIRSHBAUM, J., joins in the dissent.

Chief Justice QUINN dissenting:

I respectfully dissent. Although the dismissal of an appeal is obviously a severe sanction, I cannot say that the court of appeals abused its discretion in this case.

The Colorado Appellate Rules place the responsibility on the appellant to take such actions as are necessary to file the record with the appellate court. C.A.R. 10(b) not only requires the appellant to file with the trial court a designation of the portions of the record that the appellant desires to be included in the appellate record, but also requires the appellant to "order from the reporter a transcript of such parts of the proceedings as he deems necessary for inclusion in the record." C.A.R. 11(a) requires the appellant, after filing the notice of appeal, to take "any other action necessary to enable the clerk [of the trial court] to assembly [sic] and transmit the record." If additional time is needed for the transmission of the record to the appellate court, the appellant may request an extension of time, but must support such request by "an affidavit of the reporter specifying why the transcript has not yet been prepared, and the date by which the transcript can be completed." C.A.R. 11(d). The appellant may also seek an order from the appellate court directing the "trial court to expedite the preparation and transmittal of the record on appeal." *Id.*

The Colorado Appellate Rules leave no doubt that dismissal of an appeal may be an appropriate sanction for failure to adhere to the appellate rules or the orders of the appellate court. C.A.R. 3(a) states, in pertinent part, as follows:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal in the appellate court does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.

Supplementing C.A.R. 3(a) is C.A.R. 38(a), which authorizes an appellee to move for dismissal of an appeal "if the appellant fails to cause timely transmission of the record." Finally, C.A.R. 38(e) states that "[t]he appellate court may apply such sanctions as it deems appropriate, including dismissal, for the failure to comply with any of its orders or with these appellate rules."

In this case, the sequence of events preceding the order of dismissal clearly demonstrates that the state, after filing the notice of appeal on November 9, 1987, had ample opportunity to petition the court of appeals for an order, pursuant to C.A.R. 11(d), directing the trial court to expedite

the preparation and transmittal of the record. It made no such request, however, until August 31, 1988, when it responded to the order to show cause why the appeal should not be dismissed. In addition, the state had a similar opportunity to petition the trial court for an order directing the court reporter to prepare the record in a timely fashion, but failed to seek such relief. Even when the court of appeals denied the state's second motion for extension on May 3, 1988—with the result that the record was due to be filed on May 9, 1988—the state failed to take timely action to seek the assistance of the court of appeals in expediting the preparation of the record. The record is clear that the state's only petition for assistance in expediting the preparation of the record was filed on August 31, 1988, which was far beyond May 9, 1988, the date on which the record was due to be filed in the court of appeals pursuant to the previously granted extension of time.

Although the court of appeals might have imposed a lesser sanction than dismissal, I cannot say that its order of dismissal constituted an abuse of discretion under the circumstances present here. "To say that a court has discretion ... means that it has the power to choose between two or more courses of action and is therefore not bound in all cases to select one over the other." *People v. Milton,* 732 P.2d 1199, 1207 (Colo.1987). A court abuses its discretion only if it can be said with fair assurance that, "based on the particular circumstances confronting the court, its decision was manifestly arbitrary, unreasonable, or unfair." *E.g., King v. People,* 785 P.2d 596, 603 (Colo.1990); *People v. Hampton,* 758 P.2d 1344, 1348 (Colo.1988); *Milton,* 732 P.2d at 1207. In a case such as this the most that can be expected of an appellate court is to consider all the circumstances of the case in fashioning an appropriate sanction to redress what it obviously perceives as unnecessary and avoidable delay by an appellant. *See* A.J. Moore, *Moore's Federal Practice* ¶ 203.12, at 3–60 to –61 (1989). While the substantiality of an issue raised on appeal is an important factor to consider, it is not the exclusive factor and

certainly does not constitute a justifiable excuse for ignoring the time limitations for filing an appellate record. "Transcripts, like briefs, may not be filed whenever ... counsel may find it convenient." *Freeman v. Cross,* 134 Colo. 437, 440, 305 P.2d 759, 760 (1957).

There can be no question that the court of appeals, in dismissing the state's appeal, was aware of the issues raised in the appeal. The state's notice of appeal, filed pursuant to C.A.R. 3(f), described the nature of the case and the decision which the state was challenging. The court of appeals also was obviously aware that the state had taken no action to expedite the preparation of the record either within the 90–day extension previously granted for filing the record or within the 3½ months following the expiration of the 90–day extension. To hold that the court of appeals abused its discretion in dismissing the state's appeal under the circumstances of the case comes dangerously close to depriving that court of any meaningful discretion in managing its heavy docket.

The unambiguous terms of Colorado Appellate Rules 3(a) and 38(e) clearly authorize the court of appeals to exercise its discretion in fashioning a sanction, including dismissal, for failure of a party to cause timely transmission of the record, and I see no basis in this record to second-guess the court of appeals' exercise of discretion in this case. I would therefore affirm the order of dismissal as a proper sanction within the discretion of the court of appeals.

KIRSHBAUM, J., joins in the dissent.